IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| AMDOCS (ISRAEL) LIMITED, an Israeli Corporation,<br><br>Plaintiff,<br><br>v.<br><br>OPENET TELECOM, INC., a Delaware Corporation, and OPENET TELECOM LTD., an Irish Corporation,<br><br>Defendants. | Case No. 1:10-cv-910 (LMB/TRJ)<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT OPENET TELECOM LTD.'S ANSWER TO PLAINTIFF AMDOCS (ISRAEL) LIMITED'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Openet Telecom Ltd. ("Defendant" or "Openet") hereby submits its Answer to Plaintiff Amdocs (Israel) Limited's ("Plaintiff" or "Amdocs") Complaint ("Complaint") for Patent Infringement.

**PARTIES**

1. Openet is without knowledge or information sufficient to form a belief as to the truth of allegations of Paragraph 1 and therefore denies same.

2. Admitted.

3. Admitted.

4. Openet admits that Openet Telecom, Inc. provides software and systems under the name FusionWorks to customers in the United States. Openet denies that it has committed any acts of patent infringement. Except as expressly admitted, Openet denies all other allegations of Paragraph 4. Further, Openet denies that jurisdiction and venue are proper based on these or other allegations.

1

**JURISDICTION AND VENUE**

5.     Paragraph 5 contains legal conclusions to which no answer is required.  To the extent an answer is deemed required, Openet admits that Plaintiff alleges patent infringement and that Plaintiff relies on the statutes cited in Paragraph 5 as the basis for its cause of action.  Openet denies it has committed any acts of patent infringement.

6.     Paragraph 6 contains legal conclusions to which no answer is required.  To the extent an answer is deemed required, Openet admits that based on the allegations in the Complaint, this court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Openet denies it has committed any acts of patent infringement.

7.     Denied.

8.     Openet admits Openet Telecom, Inc. is subject to personal jurisdiction in this district.  Openet denies Openet Telecom, Inc. has committed any acts of patent infringement.  Except as expressly admitted, Openet denies all other allegations of Paragraph 8.

9.     Denied.

**PATENT INFRINGEMENT COUNTS**

10.    Openet is without knowledge or information sufficient to form a belief as to Plaintiff's ownership of U.S. Patent No. 6,836,797 ("the '797 patent") and therefore denies same.  Openet admits that U.S. Patent No. 7,631,065 ("the '065 patent") identifies, on its face, Amdocs as the assignee.  Openet is without knowledge or information sufficient to form a belief as to the validity of the assignment and therefore denies same.  Openet denies it has committed any acts of patent infringement.  Except as expressly admitted, Openet denies all other allegations of Paragraph 10.

2

11. Denied.

12. Denied.

13. Denied.

## COUNT I
## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,836,797

14. Insofar as an answer is deemed required, Openet repeats and incorporates by reference the entirety of its responses contains in Paragraphs 1-13 as if fully set forth herein.

15. Openet admits that the '797 patent, on its face, is entitled "System, Method and Computer Program Product For Network Record Synthesis."  Openet admits that the '797 patent identifies, on its face, an issuance date of December 28, 2004. Openet is without knowledge or information sufficient to form a belief as to Amdocs ownership of the '797 patent and therefore denies same.  Except as expressly admitted, Openet denies all other allegations of Paragraph 15.

16. Denied.

17. Denied.

18. Denied.

## COUNT II
## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,631,065

19. Insofar as an answer is deemed required, Openet repeats and incorporates by reference the entirety of its responses contains in Paragraphs 1-13 as if fully set forth herein.

20. Openet admits that the '065 patent, on its face, is entitled "System, Method and Computer Program Product For Merging Data in a Network-Based Filtering

and Aggregating Platform." Openet admits that the '065 patent identifies, on its face, an issuance date of December 8, 2009. Openet admits that the '065 patent identifies, on its face, Amdocs as the assignee of the '065 patent. Openet is without knowledge or information sufficient to form a belief as to the validity of the assignment. Except as expressly admitted, Openet denies all other allegations of Paragraph 20.

21. Denied.

22. Denied.

23. Denied.

### DEMAND FOR JURY TRIAL

24. Paragraph 24 is a demand for jury trial to which no answer is required. To the extent an answer is deemed required, Openet admits Plaintiff requests a trial by jury and likewise requests a trial by jury.

\* \* \*

Openet hereby denies each and every allegations of the Complaint not specifically and expressly admitted herein.

### AMDOCS' PRAYER FOR RELIEF

Openet denies that Amdocs is entitled to any of the relief sought in its prayer for relief or to any other relief.

### OPENET'S DEFENSES

Openet denies there is any basis in fact, law, or equity for Plaintiff to obtain any relief against Openet. Further, Openet asserts the defenses set forth below. Openet reserves the right to assert any other defenses or counterclaims under the applicable laws and rules and to offer additional defenses or counterclaims that cannot now be articulated

due to Plaintiff's failure to particularize its claims and due to the need for further discovery regarding Plaintiff's claims.

## DEFENSE 1
### (Invalidity)

25. The claims of the '797 patent are invalid and/or unenforceable under one or more provisions of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

26. The claims of the '065 patent are invalid and/or unenforceable under one of more provisions of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

## DEFENSE 2
### (Non-infringement)

27. Openet has not infringed, and has not committed any acts which would give rise to liability for infringement of, any properly construed, valid and/or enforceable claims of the '797 patent.

28. Openet has not infringed, and has not committed any acts which would give rise to liability for infringement of, any properly construed, valid and/or enforceable claims of the '065 patent.

## DEFENSE 3
### (Injunction Inappropriate)

29. Plaintiff is not entitled to injunctive relief because any injury to Plaintiff is not immediate or irreparable. Even if Plaintiff establishes that Openet has infringed one or more valid, enforceable, and properly construed claims of the '797 patent or the '065 patent (which Openet denies), remedies available at law are adequate to compensate Plaintiff, rendering an injunction or other equitable relief inappropriate.

## DEFENSE 4
### (Limitations on Damages)

30.     Even if Plaintiff could establish that Openet has infringed one or more valid, enforceable, and properly construed claims of the '797 patent or the '065 patent (which Openet denies), Plaintiff is barred from recovering damages prior to Openet receiving notice of alleged infringement and/or under the doctrines of laches and/or estoppel.

## DEFENSE 5
### (No Willful Infringement)

31.     Even if Plaintiff could establish that Openet has infringed one or more valid, enforceable, and properly construed claims of the '797 patent and/or the '065 patent (which Openet denies), Plaintiff is not entitled to recover damages for willful infringement as Openet did not receive notice of alleged infringement until filing of the Complaint.

## OPENET'S PRAYER FOR RELIEF

WHEREFORE, Openet prays for the following relief:

A.     that this Court adjudge and decree that Openet does not infringe any valid and enforceable claims of the '797 Patent or the '065 patent;

B.     that this Court adjudge and decree that the claims of the '797 patent and the '065 patent are invalid and/or unenforceable;

C.     that Openet be dismissed from this case for improper venue and/or lack or jurisdiction; and

D.     that this case be declared exceptional pursuant to 35 U.S.C. § 285 and that this Court award Openet the fees and costs of this action, including reasonable

attorneys' fees and litigation expenses; and that this Court order all such further relief it deems just and appropriate.

Openet demands a trial by jury on all issues presented in its Answer so triable by jury.

Respectfully Submitted,

Dated: November 24, 2010            By: /s/ Brian H. Pandya

James H. Wallace, Jr. (*pro hac vice* forthcoming)
Eric H. Weisblatt (VSB No. 21561)
Anthony Son (*pro hac vice* forthcoming)
Brian H. Pandya (VSB No. 72233)
WILEY REIN LLP
1776 K Street NW
Washington, D.C. 20006
Telephone: (202) 719-7000
Facsimile: (202) 719-7049
Emails:  jwallace@wileyrein.com,
eweisblatt@wileyrein.com, ason@wileyrein.com,
bpandya@wileyrein.com

*Counsel for Openet Telecom Ltd.*

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's EM/ECF system on this 24th Day of November 2010, with other counsel of record being served by regular mail.

/s/ Brian Pandya
Brian Pandya