**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

AMDOCS (ISRAEL) LIMITED, an Israeli
corporation,                                    Case No. 1:10-cv-00910-LMB -TRJ

                                    Plaintiff,          JURY TRIAL DEMANDED

         vs.

OPENET TELECOM, INC., a Delaware
Corporation, and OPENET TELECOM LTD.,
an Irish Corporation,

                                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**JOINT DISCOVERY PLAN AND PROPOSED PRETRIAL SCHEDULE**

Pursuant to Fed. R. Civ. P. 26(f), counsel for plaintiff Amdocs (Israel) Limited

("Amdocs") and for defendants Openet Telecom, Inc. and Openet Telecom Ltd. (collectively,

"Openet") conferred by telephone on December 10, 2010, and the parties hereby report on this

meeting and submit this Joint Discovery Plan, jointly proposing discovery limitations and a

pretrial schedule wherever possible, and stating their points of disagreement where a joint

proposal could not be reached.

**I.     IDENTIFICATION OF ISSUES**

The parties believe that the Court will need to decide the following issues in this action:

- Whether Amdocs has proven that the Openet infringed any asserted claims of
  U.S. Patent Nos. 6,836,797 ("'797 patent") or 7,631,065 ("'065 patent");

- Whether Openet's infringement, if proven by Amdocs, was willful;

- Whether Openet has proven that the asserted claims of the '797 and '065 patents
  are invalid;

- Whether this action constitutes an exceptional case under 35 U.S.C. § 285;

- If the Court finds that any asserted claim of the '797 or '065 patent is infringed and is not invalid, whether Amdocs is entitled to a permanent injunction against Openet's infringement and the proper amount of damages to be awarded to Amdocs for Openet's infringement;

- If the Court finds that Openet's infringement was willful, the extent to which damages should be enhanced;

- If the Court finds that this is an exceptional case under 35 U.S.C. § 285, the extent of attorneys fees and costs that should be awarded.

## II.   SUBJECTS ON WHICH DISCOVERY MAY BE NEEDED

The parties agree that the subjects on which discovery may be needed include the following:

- Infringement/non-infringement of the asserted claims of the '797 or '065 patents, including discovery regarding willfulness;

- Validity/invalidity of the asserted claims of the '797 or '065 patents;

- Claim construction with respect to disputed claim terms of the '797 or '065 patents;

- The prosecution, assignments, and ownership of the '797 and '065 patents; and

- Factors bearing on Amdocs' claim for damages and injunctive relief.

## III.   PHASING OF DISCOVERY

The parties do not believe that any phasing of discovery is appropriate.

## IV.   FORM OF DOCUMENT PRODUCTION AND ELECTRONICALLY STORED INFORMATION

The parties agree that all documents (whether or not they are stored electronically) shall be produced electronically (e.g., on compact discs, DVDs, or hard drives) in imaged files (e.g., TIFFs or PDFs), with load files in mutually agreeable formats, compatible with the receiving party's document management system.  Documents need not be produced in native format..  To

the extent that either party believes, on a case-by-case basis, that metadata or native files for a

specific document or class of documents (e.g., large Excel spreadsheets) should be produced, the

parties will meet and confer in good faith to determine what production is necessary.

The parties further agree that they will meet and confer on or before December 17 on the

scope of documents and electronically stored information pursuant to Federal Rule of Civil

Procedure 26(f) and will exchange proposals regarding the reasonable production of

electronically stored information.  These proposals will include an agreed-upon listing of

custodians to be searched and keywords to be employed in such searches.  The parties will

explore the possibility of performing manual collections of relevant electronic documents in lieu

of performing keyword searches.  The proposals will also identify any locations deemed as not

reasonably accessible pursuant to Fed. R. Civ. P. 26(b)(2)(B).  The parties reserve the right to

identify additional custodians and search terms as discovery progresses.

## V.    DISCOVERY SCHEDULE AND LIMITATIONS

A.    **Rule 26(a)(1) Disclosures.**   The parties shall serve their Rule 26(a)(1)

disclosures on or before December 22, 2010.  Rule 26(a)(1) disclosures will be augmented with

the following disclosures and productions:

1.    **Infringement and Invalidity Contentions**

a.    **Amdocs' Initial Infringement Contentions**

On or before December 22, 2011, Amdocs will serve on Openet a claim chart that

identifies the asserted patent claims and compares each claim to each accused device on a claim-

by-claim, element-by-element basis, specifically illustrating how each accused device meets

every claim limitation with citations to the evidence available to it prior to discovery.  The chart

shall indicate, on a claim-by-claim basis, whether each accused device infringes literally or under

the doctrine of equivalents, and the provisions of 35 U.S.C. § 271 on which infringement is alleged.

<h4 style="text-align:center;">b.      Openet Initial Non-Infringement Contentions</h4>

On or before January 7, 2011, Openet will provide a limitation-by-limitation analysis responding to Amdocs' initial infringement contentions..

Additionally, for the accused product identified in Amdocs' Initial Infringement Contentions, Openet will produce (a) quarterly or yearly sales revenues as maintained in the ordinary course of business, and (b) specifications, schematics, flow charts, manuals, and/or other documentation sufficient to show the operation of the accused infringing aspects or elements of each accused product.  This provision does not limit Openet's obligation to produce discovery in response to Amdocs discovery requests.

<h4 style="text-align:center;">2.      Openet Invalidity Contentions</h4>

On or before January 14, 2011, Openet will serve on Amdocs an identification of each item or combination of prior art relevant to invalidity positions under 35 U.S.C. § 102(a)-(g) and each item or combination of prior art relevant to invalidity positions under 35 U.S.C. § 103, including a specific identification of prior art combinations.  For prior art under 35 U.S.C. § 102(a)-(b), Openet provide a claim chart that compares alleged invalidating prior art to each asserted claim on an element-by-element basis.  Additionally, Openet will provide a brief statement identifying facts and assertions supporting any invalidity positions under 35 U.S.C. §§ 102(f), 112, and 116.

Concurrent with this disclosure, Openet will also produce copies of each prior art reference or document identified in Openet's Invalidity Contentions.

3.      **Amdocs Validity Contentions**

On or before January 28, 2011, Amdocs will provide a limitation-by-limitation analysis responding to Openet's invalidity contentions.

4.      **Additional Disclosures**

The parties dispute whether certain additional discovery should be provided according to the discovery process under the Federal Rules of Civil Procedure, or should be required to be disclosed at an earlier time.  Plaintiff believes that the parties should serve discovery requests and responses to obtain additional discovery.  Defendants believe that the plaintiff should produce certain additional categories of information, as specified below, on or before December 29, 2010.  If the Court determines that it is appropriate to require disclosure of additional discovery without discovery requests, plaintiffs request that the defendants also be ordered to provide such information, as identified below:

## [DEFENDANTS' PROPOSAL]

(a)      Defendant proposes that on or before December 29, 2010, the plaintiff shall make the following productions and disclosures.  The parties did not discuss each of these requests individually at the Rule 26(f) meet-and-confer.

(1) Assignment documents or other documents sufficient to show the chain of ownership for the patents-in-suit, as well as all licenses to the patents-in-suit, related or corresponding foreign patents, continuation, continuation-in-part, or divisional patents;

(2) An identification of the date of alleged conception and reduction to practice for each asserted claim of the patents-in-suit;

(3) For any patent that claims priority to an earlier application, an identification of the priority date to which each asserted claim allegedly is entitled;

(4) For each asserted claim of the patents-in-suit, an identification of the earliest date of first public use, first sale, or first offer of a device that embodies the claimed invention(s) of that claim;

(5) An identification of each product or service offered by Amdocs that allegedly embodies one or more claims of the patents-in-suit, including the claims embodied, date of first sale of each such product or service, and whether that product was marked pursuant to 35 U.S.C. § 287;

(6) All rulings and settlements in any other cases in which either of the patents-in-suit, any foreign counterpart patent to either of the patents-in-suit, or any parent, continuation, continuation-in-part, or divisional application or patent of either of the patents-in-suit, has been litigated, including any interference or cancellation proceedings.

**[PLAINTIFF'S PROPOSAL IN THE EVENT THAT THE COURT DETERMINES TO ADOPT DEFENDANTS' PROPOSED SECTION V.A.4(a)]**

(b)     Plaintiff opposes defendants' proposed disclosures in Section V.A.4(a), as explained above.  If the Court determines that such disclosures are appropriate, plaintiff requests that the Court also require the following disclosures by defendants on or before December 29, 2010.  The parties did not discuss these requests at the Rule 26(f) meet and confer:

(1) User manuals, technical manuals, specifications, configuration or customization specifications for each U.S. customer or customer with mediation services in the U.S., solution briefs and process and flow diagrams/schematics for each accused Openet product and Openet mediation product;

(2) Identification of all prior art that formed the basis for Openet's allegation in its Answer and Counterclaims that the claims of the asserted patents are invalid;

(3) Documents sufficient to show Openet's net unit sales, per unit revenues, total revenues, and the per-unit costs associated with each accused Openet product and each Openet mediation product;

(4) All settlements and licenses pertaining to intellectual property rights in the last ten years, including an identification of the effective royalty rate paid by Openet for a license to sell any product or service under each such settlement or license;

(5) Identification and a brief description of all software products or services sold or licensed for use in the U.S. or developed for sale or license for use in the U.S.

**B.** **Fact Witness Depositions.**   The limitations on fact witness depositions imposed by the Federal Rules of Civil Procedure shall apply.  For clarity, each seven hour increment of deposition testimony of a party pursuant to Rule 30(b)(6) will count as a single deposition.   The parties agree that at least three (3) days prior to each 30(b)(6) deposition, the party who is being deposed will identify each designated witness and provide a brief curriculum vitae that sets forth the educational background and work history of each witness.

**C.** **Timing of Expert Discovery.**  The parties shall exchange expert disclosures as required by Fed. R. Civ. P. 26(a)(2) on all issues on which they bear the burden of proof on March 11.  Rebuttal expert disclosures shall be exchanged on April 1, 2011.  Expert depositions shall be concluded no later than April 15, 2011.

If the claim construction ruling has not issued at the time of expert reports, expert reports should address the claim constructions proffered by both parties. Should the claim construction ruling issue after expert disclosures have been exchanged, and the Court adopts a construction not proposed by either party, not later than 15 days after the Court's ruling, the party may supplement its expert reports solely to address the Court's claim construction. Any supplemental rebuttal report must then be served not later than 7 days after the service of the supplemental expert report.

**E.** **Employee Experts.**  If a party intends to use employee experts on any issue at trial, a disclosure as required by Rule 26(a)(2) must be timely made either (i) identifying the employee and the topics to which his or her testimony may be directed, or (ii) if required by the rules, a Rule 26(a)(2) disclosure.  Whether or not the employee has been deposed as a fact

US1DOCS 7792508v1

witness, any such employee expert may be deposed regarding his or her expert opinions before the deadline for concluding expert depositions.

## VI.     PRIVILEGE LOGS

### A.   Logging of Litigation Files

The parties agree that privilege logs need not include privileged communications and work product generated after the inception of litigation between the parties, even if such communications or work product are otherwise responsive.

### B.   Exchange of Privilege Logs

The parties further agree to exchange final privilege logs on or before March 15, 2011 for all documents produced as of that time.  If documents are produced after March 15, 2011, a privilege log shall be served within three (3) business days of their production.

## VII.    PROTECTIVE ORDER

The parties will file a motion for Stipulated Confidentiality and Protective Order on or before December 17, 2010, reflecting the agreement of the parties on the treatment of confidential discovery materials in this case.

Until the Court enters a Protective Order, all documents produced in this case, as well as any depositions taken, shall be treated by the receiving party as Outside Counsel Eyes Only.  In no event shall any party withhold discovery on confidentiality concerns, other than third-party obligations.

The Protective Order will include clawback provisions regarding the inadvertent production of documents.  Specifically, the parties agree that the inadvertent production of materials subject to  attorney-client privilege or work-product protections shall not be deemed a

waiver of any such privileges or protections.  Further, the fact of an inadvertent production shall not be a basis for arguing waiver of attorney-client privilege or work-product protection.

## VIII.   OTHER MATTERS

### A.   Discoverability of Expert Communications or Work Product

The parties agree that an expert's notes and written communications among experts and between experts and counsel for this case, including draft expert reports, are not required to be produced in response to any discovery request.  Further, the parties agree that, in addition to the foregoing, Fed. R. Civ. P. 26(b)(4) as effective December 1, 2010 is applicable to this case and may provide for additional categories of documents that are protected from disclosure.

### B.   Amendment of Pleadings and Joinder of Parties

Plaintiff proposes that all motions seeking to amend pleadings or to add parties must be filed by January 15.  Plaintiff proposes that motions for amendment or joinder after this date will not be allowed except for good cause shown..

Defendant proposes that amendments of pleadings and joinder of parties be governed by the Federal Rules of Civil Procedure.

## IX.   PRETRIAL SUBMISSIONS SCHEDULE

### A.   Claim Construction and Summary Judgment Submissions.  Claim

construction and summary judgment issues shall be briefed simultaneously.  The parties shall meet and confer in advance of the briefing to identify and limit the number of disputed claim terms.

The parties each propose the following specific schedules for claim construction and summary judgment submissions:

| Event | Plaintiff's Proposal | Defendants' Proposal |
|---|---|---|
| The parties exchange claim terms to be construed: | February 14, 2011 | January 7, 2011 |
| The parties exchange proposed claim constructions: | February 28, 2011 | January 14, 2011 |
| Opening claim construction and any summary judgment briefs shall be filed: | April 20, 2011 | January 28, 2011 |
| Responsive claim construction briefs and oppositions to summary judgment motions: | May 11, 2011 | February 11, 2011 |
| Reply briefs shall be filed: | May 18, 2011 | February 18, 2011 |
| Hearing on summary judgment motions and claim construction: | May 27, 2011, or at such other time as the Court may order. | February 25, 2011, or at such other time as the Court may order. |

B.       **Motions in Limine/Daubert Motions.**  Any motions in limine or Daubert motions shall be filed no later than 28 days prior to the first day of trial.  A hearing on motions in limine and Daubert motions will be held thereafter, as ordered by the Court.

C.       Proposed Jury Instructions.  The parties shall submit joint proposed jury instructions no later than one-week prior to the first day of trial.

X.       **TRIAL**

A.       **Magistrate Judge.**   The parties do not consent to trial before a Magistrate Judge.

B.       **Jury Trial.**  A jury trial has been demanded.

C.       **Trial Time.**  The parties estimate that a trial in this action of all claims, defenses, and counterclaims triable to a jury will take five (5) to seven (7) days.

US1DOCS 7792508v1

Respectfully submitted,

| By: /s/ Brian H. Pandya<br>James H. Wallace, Jr. (pro hac vice)<br>Eric H. Weisblatt (VSB No. 21561)<br>Anthony Son (pro hac vice)<br>Brian H. Pandya (VSB No. 72233)<br>WILEY REIN LLP<br>1776 K Street NW<br>Washington, D.C. 20006<br>Telephone: (202) 719-7000<br>Facsimile: (202) 719-7049<br>Emails:  jwallace@wileyrein.com,<br>eweisblatt@wileyrein.com,<br>ason@wileyrein.com,<br>bpandya@wileyrein.com<br><br><br><br>Attorneys for Defendants | _____/s/_____<br>Gregory H. Lantier (Bar. No. 65657)<br>WILMER, CUTLER, PICKERING,<br>   HALE AND DORR LLP<br>1875 Pennsylvania Avenue, N.W.<br>Washington, DC 20006<br>Phone:  (202) 663-6000<br>Fax:  (202) 663-6363<br><br>Attorney for Plaintiff |
| | *Of counsel:*<br><br>Nels T. Lippert<br>S. Calvin Walden<br>Laura A. Sheridan<br>WILMER, CUTLER, PICKERING,<br>HALE AND DORR LLP<br>399 Park Avenue<br>New York, New York 10022<br>Phone:  (212) 230-8800<br>Fax:  (212) 230-8888 |

December 15, 2010

US1DOCS 7792508v1