**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| AMDOCS (ISRAEL) LIMITED, an Israeli Corporation, | Case No. 1:10cv910 (LMB/TRJ) |
| Plaintiff, | |
| v. | |
| OPENET TELECOM, INC., a Delaware Corporation, and OPENET TELECOM LTD., an Irish Corporation, | |
| Defendants. | |

## [PROPOSED] STIPULATED PROTECTIVE ORDER

WHEREAS, Plaintiff Amdocs (Israel) Limited ("Amdocs") and Defendants Openet Telecom, Inc. and Openet Telecom Ltd. ("Openet") agree that certain information subject to discovery in this action may contain trade secrets and other confidential, proprietary, and/or sensitive commercial, research, technical, marketing, or business information or other confidential information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure; and

WHEREAS, Amdocs and Openet desire that discovery provided in this litigation be subject to a confidentiality agreement;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among the undersigned attorneys for the respective parties hereto, subject to further order of the Court, that the terms and conditions of this Protective Order shall govern the handling of documents and any deposition testimony, deposition exhibits, interrogatory responses, admissions, and any other information produced or given by any party or non-party to any party in connection with the litigation of this action.

IT IS HEREBY ORDERED:

**Scope and Definitions**

1.      This Protective Order applies to all information, documents, testimony and/or things subject to discovery in this action which contain non-public, confidential information and/or trade secrets designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL SOURCE CODE" pursuant to the terms of this Order, as well as any secondary material, such as pleadings, written discovery, expert reports, notes, summaries or any other materials that contain, describe or reflect such information (collectively referred to herein as "Protected Material").

2.      In determining the scope of information that a party may designate as its Protective Material, each party acknowledges the importance of client access to information necessary to client decision-making in the prosecution or defense of litigation, and therefore agrees that designations of information as Protected Material and responses to requests to permit further disclosure of Protected Material shall be made in good faith and not (1) to impose burden or delay on an opposing party or (2) for tactical or other advantage in litigation.

3.      "Producing Party" shall refer to any party to this action, or to any third-party (whether voluntarily or pursuant to subpoena), who discloses, testifies about, produces, or makes available for inspection any Protected Material.

4.      "Receiving Party" shall refer to any opposing party in this litigation who receives Protected Material from a Producing Party, whether in response to a particular discovery request or obligation imposed by the Federal Rules of Civil Procedure or other Order of the Court.

**Designation of Protected Materials**

5.      The Producing Party may, at its option, designate as "CONFIDENTIAL" confidential, proprietary, or commercially sensitive information that is not readily available to the general public, including financial, sales, technical or product information not eligible under Paragraph 6.

6.      The Producing Party may, at its option, designate as "HIGHLY CONFIDENTIAL" information that contains (a) current non-public financial, sales, or pricing information or past financial, sales, or pricing information that is less than five (5) years old at the time of production, (b) current strategic plans or past strategic plans that are less than five (5) years old at the time of production, including reports, memoranda, or meeting minutes where strategic plans are discussed, (c) information relating to products in development, (d)  technical information relating to existing products, including flow charts, product design specifications, change orders, or other internal engineering documents not readily available to the general public and whose disclosure the Producing Party reasonably believes could cause economic harm or competitive disadvantage, (e) sensitive private information of an individual or personal information protected by foreign or domestic privacy laws, or (f) is subject to an express obligation of confidentiality owed by the Producing Party to a third party.  Contracts, licenses, or agreements of the Producing Party may also be designated as Highly Confidential.

7.      The Producing Party may, at its option, designate as "HIGHLY CONFIDENTIAL SOURCE CODE" any non-public, source code that is sensitive and disclosure of such source code to unauthorized persons would likely cause economic harm or competitive disadvantage to the Producing Party.

8.     The Producing Party that designates material for protection under this Protective Order shall take care to limit such designations only to material that the party believes in good faith meets the appropriate standards.

9.     Designations of Protected Material shall be made in substantially the following manner:

(a)     *For documents or written discovery*.  The Producing Party may designate documents or written discovery responses including electronic versions, by affixing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each page that contains Protected Material.

(b)     *For depositions or other testimony*.  Parties or third-parties providing testimony may designate depositions, or portions of depositions, as Protected Material by indicating the appropriate designation on the record before the close of the deposition, hearing or other proceeding, or by notifying the court reporter and all counsel in writing of the appropriate designation within seven (7) business days after receiving the transcript, during which seven (7) day period the deposition transcript shall be treated as "HIGHLY CONFIDENTIAL."  The party making the designation shall make arrangements with the court reporter to label the relevant pages with the appropriate designation.  Video or DVD versions of the deposition will automatically have the same designation as the transcript.

(c)     *For tangible things and other information*.  A producing party shall affix the appropriate designation on any tangible thing or media, or on the exterior of any case or container in which the information or item is

stored.  A Producing Party may designate any other Protected Material not in documentary, tangible or physical form by informing the Receiving Party of the designation in writing at or before the time of production or inspection.

10.     If a Producing Party inadvertently produces documents or other materials that it considers to be "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" without such designation, the Producing Party may subsequently designate such documents or other materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by delivering written notice of such designation to the Receiving Party.  It shall not be deemed a violation of this Order to have disclosed information not designated as Protected Material that is subsequently so designated if disclosure was made prior to such designation.  Any failure of the of the Parties to designate Protected Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall not be deemed a waiver of any claim of confidentiality that the Parties would otherwise be entitled to invoke against a person or entity who/which is not a Party (who has agreed to the undertaking in Exhibit A, hereto).

**Disclosure and Use of Protected Materials**

11.     Protected Material shall not be distributed, disclosed, or made available to anyone except as expressly provided in this Order.

12.     Protected Material shall be used solely for this litigation and any related appeals. Protected Material shall not be used for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, or any business or competitive purpose or function of any kind.

13.     Except with the prior written consent of the Producing Party, disclosure of "CONFIDENTIAL" materials may be made only to:

(a)     the Court, its secretaries, clerks, and law clerks in the manner set forth herein;

(b)     attorneys for a party who are working on this action and their employed secretaries, paralegals, legal assistants, and outside support services, including, without limitation, copy services, document management services, and graphics services (hereinafter "Attorneys");

(c)     Court Reporters, court videographers, and similar transcription services (hereinafter "Court Reporters");

(e)     any expert or consultant who is retained by counsel for any of the parties in this action to assist counsel in this action and any employee of such an expert, provided that the requirements of paragraphs 23 through 24 have been satisfied (hereinafter "Experts");

(f)     up to two representatives of each of the parties, who agree to be bound by the terms of this Order by executing the undertaking attached as Exhibit A.  The parties shall identify their two representatives and provide the executed undertaking attached as Exhibit A to the other side prior to any disclosure of "CONFIDENTIAL" material.

(g)     a witness while testifying at trial or deposition, but only while providing such testimony; provided, however, that such disclosure shall only be made to a witness:

(i)     who is a current employee of the party producing the "CONFIDENTIAL" material; or

(ii)    who is a former employee of the producing party and who originally created or received the document in the ordinary course of that employment; or

(iii)   who is a former employee of the producing party and who originally had an authorized right of access to the document in the ordinary course of that employment; and

(h)    Any other person whom counsel for the parties agree in writing should have access to such "CONFIDENTIAL" information, and who agrees to be bound by the terms of this Order by executing the undertaking attached as Exhibit A.

14    Except with the prior written consent of the Producing Party, disclosure of "HIGHLY CONFIDENTIAL" materials may be made only to:

(a)    the Court, its secretaries, clerks, and law clerks in the manner set forth herein;

(b)    Attorneys (as defined above);

(c)    Court Reporters (as defined above);

(d)    Up to four (4) Experts (as defined above) per side, per subject matter (e.g., technical experts, damages experts) (either side may request disclosure to additional Experts);

(e)      a witness testifying at trial or deposition, but only while providing such testimony; provided, however, that such disclosure shall only be made to a witness:

(i)      who is a current employee of the party producing the "HIGHLY CONFIDENTIAL" material; or

(ii)     who is a former employee of the producing party and who originally created or received the document in the ordinary course of that employment; or

(iii)    who is a former employee of the producing party and who originally had an authorized right of access to the document in the ordinary course of that employment; or

(f)      Any other person whom counsel for the parties agree in writing should have access to such "HIGHLY CONFIDENTIAL" information, and who agrees to be bound by the terms of this Order by executing the undertaking attached as Exhibit A.

15.      ***Source Code – Additional Restrictions*.**  To the extent a Producing Party's source code is discoverable in this action, it may be designated as "HIGHLY CONFIDENTIAL SOURCE CODE."  To the extent a Producing Party's source code is publicly available or open-source it will not be subject to the requirements of this section and the Producing Party will instruct the Receiving Party how to obtain that publicly available source code.  Unless the Producing Party states otherwise, source code shall be subject to the following additional restrictions and protections:

(a)     Any source code designated as "HIGHLY CONFIDENTIAL SOURCE

CODE" shall be provided by the Producing Party, at the Producing Party's

discretion, on a "stand-alone" computer (that is, the computer may not be

linked to any network, including a local area network ("LAN"), an intranet

or the Internet),  The computer shall have all ports, software and other

avenues that could be used to copy or electronically transfer such data

blocked.  Use of any input/output device (e.g., USB memory stick, CDs,

floppy disk, portable hard drive, etc.) is prohibited while accessing the

computer containing the source code unless such device is necessary to

view the source code and is provided by the Producing Party.

(b)     The computer will be provided to outside counsel for the Receiving Party

and shall be returned to outside counsel for the Producing Party within

five (5) business days of the conclusion of the trial.  Outside counsel for

the Receiving Party shall maintain a list of all individuals that view the

source code, which list shall be provided to the Producing Party upon

request;

(c)     The Receiving Party may request paper copies of limited portions of

source code, identified by the Receiving Party by line or page number, that

are reasonably necessary for the preparation of court filings, pleadings,

expert reports, or other papers, or for deposition at trial, but shall not

request paper copies for the purpose of reviewing the source code other

than electronically as set forth above.  The Producing Party shall provide

all such copies of source code in paper form, including bates numbers and

the label "HIGHLY CONFIDENTIAL SOURCE CODE," within three (3)

business days of the Receiving Party's request.  The Receiving Party shall

not make any additional copies of the paper copies of source code

provided by the Producing Party except as reasonably necessary to provide

copies for court filings, pleadings, expert reports, or other papers, or for

deposition at trial.

(d)     Only the following individuals shall have access to "HIGHLY

CONFIDENTIAL SOURCE CODE," absent the express written consent

of the Producing Party or further court order:

    i.     the Court, its secretaries, clerks, and law clerks in the manner set

forth herein;

    ii.     Court Reporters (as defined above);

    iii.     Witnesses while testifying at deposition or trial in this action that

meet the requirements of Paragraph 14(f), above.

    iv.     Outside counsel of record to this action, including any attorneys,

paralegals, technology specialists, and clerical employees of their

respective law firms assisting in the litigation; and

    v.     Up to two (2) Experts (as defined above) per side (either party may

request disclosure to additional Experts, and permission will not be

unreasonably withheld.

16.     Every person given access to Protected Material shall not make copies, duplicates,

extracts, summaries or descriptions of such material, or any portion thereof, except for use in

connection with the action, and each such copy is to be treated in accordance with the provisions of this Order.

17.     Prior to the first disclosure of Protected Material to any person or entity listed in Paragraphs 13 - 15 above (other than Experts to which paragraphs 23 and 24 apply, but including persons and entities *not* required to execute Exhibit A), counsel for the Receiving Party shall deliver a copy of this Order to the person or entity to whom disclosure will be made and explain its terms to such person.  For persons required to execute Exhibit A (other than Experts), the Receiving Party shall provide to the Producing Party, a written notice identifying the name of the person to whom disclosure is desired, his address, phone number, and employer, and a copy of the executed undertaking prior to disclosing Protected Material.  The Producing Party shall have three (3) business days thereafter in which to notify counsel seeking disclosure of any objection to such disclosure.  In the event that the Producing Party objects to the intended disclosure after notice, counsel shall endeavor to negotiate all objections to disclosure.  In the event negotiations fail to resolve all objections, counsel for the Receiving Party may petition the Court, within five (5) business days after providing written notice to counsel for the Producing Party that a Court order permitting disclosure of Protected Material will be sought, for an order to allow such disclosure.  Disclosure shall be permitted if good cause is shown.

18.     In the event a Receiving Party desires to disclose Protected Material to any person other than those categories of persons enumerated in Paragraphs 13-15 above, counsel for the Receiving Party shall give written notice to counsel for the Producing Party, together with identification of each document or deposition testimony to be disclosed and the identity (name, address, and occupation) of each person to whom such disclosure is intended.  The Producing Party shall have five (5) business days thereafter in which to notify counsel seeking disclosure of

any objection to such disclosure.  In the event that the Producing Party objects to the intended

disclosure after notice, counsel shall endeavor to negotiate all objections to disclosure.  In the

event negotiations fail to resolve all objections, counsel for the Receiving Party may petition the

Court, within five (5) business days after providing written notice to counsel for the Producing

Party that a Court order permitting disclosure of Protected Material will be sought, for an order

to allow such disclosure.  Disclosure shall be permitted if good cause is shown.  Upon

notification of intent to file such a petition, disclosure shall be prohibited unless and until such a

requested order is granted by the Court.

19.     Nothing herein shall be construed to prejudice any Party's right to use at trial or in

any hearing before the Court any Protected Material.  The parties reserve the right to seek

additional relief from the Court with respect to Protected Material that may be presented at trial

or in any hearing before the Court.

20.     Nothing herein shall impose any restrictions on the use or disclosure by a Party of

any document, material or information legitimately obtained by such Party independently of the

discovery proceedings in this action.  This Order shall not apply to any document, testimony or

other information that:  (i) is already in the Party's possession, or (ii) is or becomes generally

available to the public other than as a result of disclosure in violation of this Order, or (iii) is or

becomes available to a Party other than through formal discovery in the action or any other

action involving any of the Parties.

21.     Nothing herein shall restrict or preclude any Producing Party from disclosing its

own Protected Material to any person or entity without regard to the provisions of this Protective

Order.

22.     In the event that Protected Material is produced pursuant to subpoena or compulsory process, such information shall continue to be treated as Protected Material by all persons subject to this Order, unless and until the Court otherwise directs.

**Access By Outside Experts and Consultants**

23.     **Notice**.  If a Receiving Party wishes to disclose another party's Protected Information to any outside expert or consultant, such Receiving Party must provide advance written notice to counsel for the Producing Party, which notice shall include: (a) the individual's name and business title; (b) business address; (c) business or profession; (d) the individual's CV; (e) any previous or current relationship, personal or professional, with any of the parties; (f) a list of other cases in which the individual has testified (at trial or deposition) within the last seven years; (g) a list of all companies with which the individual has consulted or by which the individual has been employed within the last four years; and (h) a signed copy of the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A.

24.     **Objections**.  The Producing Party shall have seven (7) calendar days from receipt of the notice specified in Paragraph 18 to object in writing to such disclosure, plus three (3) extra days if notice is given other than by hand delivery, e-mail transmission, or facsimile transmission.  Any such objection must set forth in detail the grounds on which it is based.  After the expiration of the 7-day (plus 3 days, if appropriate) period, if no objection has been asserted, then Protected Information may be disclosed to the outside expert or consultant pursuant to the terms of this Order.   However, if the Producing Party objects within the 7-day (plus 3 days, if appropriate) period, the Receiving Party may not disclose Protective Information to the challenged individual absent resolution of the dispute or Court Order.  In the event the Producing Party makes a timely objection, the parties shall meet and confer to try to resolve the matter by

agreement.  If the parties cannot reach an agreement, the Producing Party may, within ten (10)

business days following its objection, file a motion for protective order preventing disclosure of

Protected Information to the expert or consultant or for other appropriate relief.  If the Producing

Party fails to file a motion for a protective order within the prescribed period, any objection to

the expert or consultant is waived, and Protected Information may thereafter be disclosed to the

individual (upon signing the "Agreement To Be Bound By Protective Order" attached hereto as

Exhibit A).  If the Producing Party files a timely motion for a protective order, Protected

Information shall not be disclosed to the challenged individual until and a final ruling allowing

such disclosure is made by this Court or by the consent of the Producing Party, whichever occurs

first.

### Restriction on Patent Prosecution

25.     Persons who access Protected Material of any Producing Party shall not, for a

period of two (2) years following final resolution of this action, draft or revise patent claims,

supervise, or assist in the prosecution of any patent application relating to the technology at issue

in this litigation for the Receiving Party or for any third-party that offers a product that competes

or potentially competes with one or more products or services offered by the Producing Party

(hereinafter "Competitors").

On or before January 3, 2011, the parties will exchange letters identifying their

Competitors, and including a brief description of the products designed or sold by each

Competitor that compete with products or services sold by the Party.  This identification of

Competitors may be updated by letter, but no attorney shall be required to discontinue

prosecution activities already underway at the time that the update letter is first received.

Nothing in this paragraph shall operate to preclude any such person from fulfilling and/or

assisting in the fulfillment of any prior art disclosure obligations to the United States Patent and

Trademark Office that may arise as a consequence of knowledge obtained during the course of

this litigation.  To ensure compliance with these provision, counsel for the Producing Party and

counsel for the Receiving Party shall create an ethical wall between (i) persons with access to the

opposing party's Protected Material and (ii) persons who prepare, prosecute, supervise, or assist

in the prosecution of any patent application for the Receiving Party or Competitors.

### Challenging Designations of Protected Material

26.     A party shall not be obligated to challenge the propriety of a confidentiality

designation at the time the designation is made.  At any time in these proceedings following the

production or designation of material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL,"

a Receiving Party may challenge the propriety of such designation by providing the Producing

Party written notice particularly identifying the documents or information that the Receiving

Party contends should be differently designated.  The Parties shall in good faith meet and confer

in an attempt to resolve promptly and informally any such disputes.  If agreement cannot be

reached, the Receiving Party may file an appropriate motion with the Court, within (5) business

days after counsel confer in good faith.  Any papers filed in support of or in opposition to said

motion shall, to the extent necessary, be filed under seal to preserve the claimed confidentiality

of the material.  Upon the filing of such a motion, the burden rests upon the party designating

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material to demonstrate the propriety of

such designation.  Until the parties or the Court resolves a challenge to the designation of

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material, the original designation shall

remain in full force and effect.

**Non-waiver of Privileges**

27.     The production in the course of discovery of any document or information,

whether designated as Protected Material or not, shall not be deemed to waive any attorney-

client privilege, work product protection, or any other privilege or immunity that would

otherwise attach to the document or information produced as long as the Producing Party,

promptly after discovery of such production, notifies the Receiving Party of the claim of

privilege or other protection or immunity.  The Producing Party must notify the Receiving Party

request return or destruction of such documents, things, materials, or information, and provide a

privilege log of such documents, things, materials, or information.  The Receiving Party must

within five (5) business days of such request return or destroy and confirm destruction of all such

documents, things, materials, or information, and any copies thereof, as well as all notes or other

work product reflecting the contents of such materials and all such returned or destroyed material

shall be deleted from any litigation-support or other database; but doing so shall not preclude the

Receiving Party from seeking to compel production of those materials, nor constitute an

admission that the materials were, in fact, privileged, and the Producing Party must preserve any

such documents.  The fact of an inadvertent production shall not be a basis for arguing waiver of

attorney-client privilege or work-product protection.

        For documents not properly designated as Protected Material, the Receiving Party must

promptly make all reasonable efforts to assure that the material is treated in accordance with any

corrected designation, including seeking the retrieval or destruction of any known copies

distributed to unauthorized individuals; and destroying copies of documents that have been

replaced with documents containing the proper designation, and notify the Producing Party that it

has done so.   The Receiving Party shall not be held in violation of this Order for any otherwise permissible disclosures made before receipt of such notice.

**Additional Protection**

28.     Entering into, agreeing to and/or producing Protected Material pursuant to, or otherwise complying with, the terms of this Order shall not:

(a)             operate as an admission by any Party that any particular Protected Material contains or reflects trade secrets or any other type of Protected Material;

(b)             prejudice in any way the rights of the Parties to object to the production of documents they consider not subject to discovery, or operate as an admission by any Party that the terms and procedures set forth herein constitute adequate protection for any particular information deemed by any Party to be Protected Material;

(c)             prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Order; or

(d)             prejudice in any way the rights of a Party to petition the Court for a further protective order relating to any purportedly Protected Material.

**Unauthorized Access**

29.     Counsel for the Receiving Party shall promptly notify the Producing Party upon becoming aware of any loss, theft, and/or unauthorized copying or disclosure of Protected Material.  This notice shall include a description of identification of all known relevant information concerning the nature and circumstances of the unauthorized access (such as the persons responsible for making such unauthorized access and the specific information subjected to unauthorized access).  Receiving Party shall take all steps reasonably necessary and available to retrieve such Protected Material and prevent any further unauthorized access or dissemination.

**Protected Material Subpoenaed or Ordered Produced In Other Litigation**

30.     If a Receiving Party is served with a subpoena or a court order that would compel

disclosure of any Protected Information, the Receiving Party must so notify the Designating

Party, in writing (by fax and e-mail) promptly and in no event more than ten (10) calendar days

after receiving the subpoena or order.  Such notification must include a copy of the subpoena or

order.  The Receiving party also must immediately inform in writing the party who caused the

subpoena or order to issue that some or all the material covered by the subpoena or order is the

subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this

Protective Order promptly to the Party in the other action that caused the subpoena or order to

issue.  The purpose of imposing these duties is to alert the interested parties to the existence of

this Protective Order and to afford the Designating Party in this case an opportunity to try to

protect its confidentiality interests in the court from which the subpoena or order issued.  The

Designating Party shall bear the burdens and the expenses of seeking protection in that court of

its Designated Material.  Nothing in these provisions should be construed as authorizing or

encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**Violation of Order**

31.     In the event anyone shall violate or threaten to violate any term of this Order, the

parties agree that the aggrieved party may immediately apply to obtain injunctive relief against

any such person violating or threatening to violate any of the terms of this Order and, in the

event the aggrieved party shall do so, the respondent person subject to the provisions of this

Order shall not employ as a defense thereto the claim that the aggrieved party possesses an

adequate remedy at law.  The parties and any other person subject to the terms of this Order

agree that this Court has jurisdiction over such person or party, for the purposes of enforcing this

Order.  In the event that any Protected Material is disclosed by the Receiving Party in violation of this Order, the Protected Material shall not lose its status through such disclosure, and the parties shall take all steps reasonably required to assure its continued confidentiality.  Nothing herein shall limit or restrict the aggrieved party from seeking additional remedies or relief from the actual or threatened violation of this Order, including but not limited to actual and punitive damages.

32.     The United States District Court for the Eastern District of Virginia is responsible for the interpretation and enforcement of this protective order.  All disputes concerning Protected Information produced under the protection of the Protective Order shall be resolved by the United States District Court for the Eastern District of Virginia.  Every individual who receives any Designated Material agrees to subject himself or herself to the jurisdiction of this Court for the purposes of any proceedings related to performance under, compliance with, or violation of this Order.

### Non-Party Use of this Protective Order

33.     A non-party producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information in the same manner and shall receive the same level of protection under this Protective Order as any party to this lawsuit.

34.     A non-party's use of this Protective Order to protect its Protected Information does not entitle that non-party access to Protected Information produced by any party in this case.

### Disposition of Protected Materials

35.     Unless otherwise ordered or agreed, within sixty (60) days after the settlement or final termination of this action, including all appeals, each Receiving Party shall, at its option,

return or destroy all Protected Material, including all notes, abstracts, compilations, summaries

or any other form of reproducing or capturing of any Protected Material.  Outside counsel for

each party shall remind any experts, consultants, and others as appropriate of their obligation to

destroy or return Protected Material.  The Receiving Party shall submit a written certification by

the sixty (60) day deadline confirming that all Protected Material has been destroyed (or handled

as otherwise ordered or agreed) and which affirms that the Receiving Party has not retained any

paper or electronic copies.

36.     Notwithstanding this provision, outside counsel of record are entitled to retain for

archive purposes one (1) electronic and (1) paper copy of all pleadings, motions papers, briefs,

exhibits, transcripts, written discovery, expert reports, legal memoranda, attorney work product

and correspondence that contain of reflect Protected Material.  Any such archival copies remain

subject to the terms of this Order.

**Miscellaneous**

37.     The terms of this Order shall be effective immediately and survive and remain in

effect after the termination of the above-captioned matter, unless otherwise ordered by the Court.

The Court shall retain jurisdiction to enforce the terms of this Order.

38.     This Order shall be binding upon the parties and their attorneys, successors,

executors, personal representatives, administrators, heirs, legal representatives, assigns,

subsidiaries, divisions, employees, agents, independent contractors, or other persons or

organizations over which they have control.

39.     This Order may be amended only by the written agreement of counsel for the

Parties and approval of the Court, or upon motion seeking relief from or modification of this

Order from the Court.  Nothing in this Protective Order shall be construed to prevent a Producing

Party from seeking such further provisions regarding confidentiality as it deems appropriate.


Respectfully Submitted,                          December 27, 2010


/s/ Gregory H. Lantier                           /s/ Brian H. Pandya


Gregory H. Lantier (VSB No. 65657)               James H. Wallace (admitted *pro hac vice*)
WILMER, CUTLER, PICKERING, HALE,                 Eric H. Weisblatt (VSB No. 21561)
AND DORR LLP                                     Anthony Son (admitted *pro hac vice*)
1875 Pennsylvania Avenue, N.W.                    Brian H. Pandya (VSB No. 72233)
Washington, D.C. 20006                           WILEY REIN LLP
Phone: (202) 663-6000                            1776 K Street NW
Fax: (202) 663-6363                              Washington, D.C. 20006
                                                 Telephone: (202) 719-7000
Nels T. Lippert                                  Facsimile: (202) 719-7049
S. Calvin Walden
Laura A. Sheridan                                *Counsel for Openet Telecom, Inc. and Openet*
WILMER, CUTLER, PICKERING, HALE,                 *Telecom Ltd.*
AND DORR LLP
399 Park Avenue
New York, New York 10022
Phone: (212) 230-8800
Fax: (212) 230-8888


*Counsel for Amdocs (Israel) Limited*


           **SO ORDERED**.

Dated: _____         _____
                                       Hon. Leonie M. Brinkema
                                       United States District Judge

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| AMDOCS (ISRAEL) LIMITED, an Israeli Corporation, | Case No. 1:10cv910 (LMB/TRJ) |
| Plaintiff, | |
| v. | |
| OPENET TELECOM, INC., a Delaware Corporation, and OPENET TELECOM LTD., an Irish Corporation, | |
| Defendants. | |

**Exhibit A**

**ACKNOWLEDGEMENT AND
AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____, hereby certify that:

1.      I have been provided a copy and read the Stipulated Protective Order in the above-captioned matter and I understand its terms.

2.      I agree to be bound by the terms of the Stipulated Protective Order.  I agree to sue the information provided to me in this case only for purposes of this litigation.

3.      I understand that I will be receiving non-public, confidential materials and information protected pursuant to the terms of this Stipulated Protective Order.  I agree that I will not use or disclose any such Protected Material except in strict compliance with the provision of this Order, and will take all reasonable precautions to prevent any unauthorized use or disclosure of any material in my possession or control.

4.      At the final conclusion of the case, I will return or destroy, as directed, any Protected Materials received and any notes or other documents reflecting such materials.

5.      I understand that my failure to abide by the terms of the Stipulated Protective Order entered in the above-captioned action may subject me, without limitation, to civil and criminal penalties for contempt of court.

6.      I understand that if I have been retained as an Expert for purposes of this litigation and that if I review Protected Material, I will not consult for a period of five (5) years from the completion of this litigation on any non-litigation matters for any Competitor of the Producing Party without the express written consent of the Producing Party.  Such consent will not be unreasonably withheld.

7.      I submit to the jurisdiction of this Court for the purposes of enforcement of the Stipulated Protective Order in this case and waive any objections to jurisdiction or venue.  I understand that failure to comply with this Order could result in sanctions or other consequences.

8.      I declare under penalty of perjury that the foregoing is true and correct.


Dated: _____          _____

                                                 Printed Name: _____

                                                 Company Name/Address/Phone:

                                                 _____

                                                 _____

                                                 _____

                                                 _____