IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| AMDOCS (ISRAEL) LIMITED, an Israeli Corporation,<br><br>Plaintiff,<br><br>v.<br><br>OPENET TELECOM, INC., a Delaware Corporation, and OPENET TELECOM LTD., an Irish Corporation,<br><br>Defendants. | Case No. 1:10-cv-910 (LMB/TRJ)<br><br>**JURY TRIAL DEMANDED** |

## OPENET'S FIRST MOTION TO COMPEL DEPOSITIONS

Defendants Openet Telecom, Inc. and Openet Telecom Ltd. ("Openet") move for an order compelling Plaintiff Amdocs (Israel) Ltd. ("Amdocs") to produce forthwith for deposition Tal Givoly, an inventor of the patents-in-suit and Amdocs' Rule 30(b)(6) designee on thirteen separate topics relating to the alleged validity and infringement of the patents-in-suit. Mr. Givoly was scheduled by agreement to appear for deposition on January 27. However, on January 21 Amdocs unilaterally cancelled his deposition and proposed rescheduling it 3 ½ weeks later on February 16, leaving Openet with little time to conduct follow-up discovery and further develop its non-infringement, invalidity, and inequitable conduct defenses before opening expert reports are due on March 11.

Additionally, Openet requests the Court's assistance in scheduling depositions of two other inventors of the patents-in-suit.

**I. PLAINTIFF AMDOCS HAS FAILED TO EXPEDITE THIS CASE**

Throughout this case, Plaintiff Amdocs has displayed an unwillingness to expedite matters. Amdocs filed the present lawsuit over five months ago on August 16, 2010 and then

1

waited until November 3, 2010 to serve its complaint. On December 1, 2010, the Court issued its scheduling order, and one week later, on December 7, 2010, Openet served its first set of discovery requests on Amdocs. On December 22, 2010, Amdocs served its objections to Openet's discovery requests. Despite the Court directing the parties at the December 22, 2010 scheduling conference to begin document production on a rolling basis that day and to substantially complete document production by around January 7, 2011, Amdocs waited until January 7, 2011 to begin its document production.

To date, Amdocs has produced 31,000 pages of documents (over 20,000 pages of which were produced in the past three days), while Openet has produced over 540,000 pages of documents. Indeed, Openet's non-email document production has been substantially complete since January 12, 2011.[1] Although Amdocs now promises to complete its non-email document production by January 25, 2011, Amdocs' document production is presently believed to be far from complete, despite the fact it elected to bring suit in this forum and had at least five months to collect and prepare its documents for production.

## II.   GIVOLY SHOULD BE PRODUCED FOR DEPOSITION FORTHWITH

Amdocs failure to timely produce documents has prejudiced Openet in preparing its defenses to Amdocs' claims. Specifically, Openet was scheduled by agreement to depose Tal Givoly on January 27. Mr. Givoly one of the inventors of the patents-in-suit and Amdocs' Rule 30(b)(6) witness on its contentions that Openet willfully infringed Amdocs' patents. Mr. Givoly is also Amdocs' corporate designee on twelve other Rule 30(b)(6) topics, including topics relating to the validity of the patents-in-suit. On January 21, Amdocs unilaterally cancelled the deposition and informed Openet that he would not be produced for deposition until February 16.

---

[1]   By agreement, the parties are producing emails of deponents using an agreed-upon set of mutual search terms. Openet anticipates completing its email production by next week. Amdocs has not yet produced any emails.

2

Delaying Mr. Givoly's deposition by over three weeks will prejudice Openet in obtaining discovery needed to develop its non-infringement, invalidity, and inequitable conduct defenses. Indeed, instead of having six weeks after the deposition to conduct follow-up discovery and work with its experts in developing its defenses, Openet would be left with barely three weeks to do so. Further, although Mr. Givoly was scheduled to appear for deposition in Washington, DC, Amdocs now insists on shifting his deposition to New York City. Accordingly, Openet requests that Mr. Givoly be produced for deposition in Washington, DC forthwith.

### III.   DEPOSITIONS OF INVENTORS SCHWEITZER AND WAGNER

Openet additionally requests the Court's assistance in scheduling the depositions of Limor Schweitzer and Eran Wagner. Along with Mr. Givoly, Mr. Schweitzer is a co-inventor of both patents-in-suit, and Mr. Wagner is a co-inventor of one of the patents-in-suit. Both are former Amdocs employees and are represented by counsel for Amdocs. Mr. Schweitzer resides in Portugal, and Mr. Wagner resides in California.

For over two weeks Openet attempted to obtain dates and locations for the depositions of both witnesses (and continues to do so). Despite promising that such information would be forthcoming, counsel for Amdocs has not yet provided dates or locations for their depositions. Accordingly, Openet requests that unless both witnesses are made available for deposition prior to February 25, 2011 (*i.e.,* two weeks before affirmative expert reports are due), Amdocs be barred from calling Mr. Schweitzer and Mr. Wagner to testify at trial. Additionally, if either individual fails to appear for deposition, Openet requests that Amdocs be barred from relying on the uncorroborated testimony of Mr. Givoly regarding the conception and reduction to practice of the patents-in-suit to the extent Amdocs is permitted to present such information (*see* Motion to Compel Compliance with Disclosures Regarding Priority Dates Required by Rule 16(b) Scheduling Order, Dkt. No. 29) or uncorroborated testimony regarding the prosecution of the

patents-in-suit, as Openet will not have the ability to cross-examine the other inventors of the patents-in-suit.

## IV. CONCLUSION

For the foregoing reasons, Openet requests an order compelling the production of Mr. Givoly for deposition forthwith and an order barring Amdocs from calling Messrs. Schweitzer or Wagner to testify at trial and from relying on the uncorroborated inventor testimony of Mr. Givoly if they fail to appear for depositions.

### STATEMENT OF COUNSEL UNDER LOCAL CIVIL RULE 37(E)

The undersigned counsel for the Defendants state that a good faith effort has been made between counsel to resolve the discovery matters at issue in this motion.

January 21, 2011                                        Respectfully submitted,

/s/ Brian H. Pandya

James H. Wallace (admitted *pro hac vice*)
Eric H. Weisblatt (VSB No. 21561)
Anthony Son (admitted *pro hac vice*)
Brian H. Pandya (VSB No. 72233)
Joseph Shin (VSB No. 79051)
WILEY REIN LLP
1776 K Street NW
Washington, D.C. 20006
Telephone: (202) 719-7000
Facsimile: (202) 719-7049

*Counsel for Openet Telecom, Inc. and Openet Telecom Ltd.*

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's EM/ECF system on this 21st Day of January 2011, with other counsel of record being served by regular mail.

/s/ Brian H. Pandya

Brian H. Pandya