IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| AMDOCS (ISRAEL) LIMITED, an Israeli Corporation,<br><br>Plaintiff,<br><br>v.<br><br>OPENET TELECOM, INC., a Delaware Corporation, and OPENET TELECOM LTD., an Irish Corporation,<br><br>Defendants. | Case No. 1:10-cv-910 (LMB/TRJ)<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT OPENET TELECOM LTD.'S FIRST AMENDED ANSWER TO PLAINTIFF AMDOCS (ISRAEL) LIMITED'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Openet Telecom Ltd. ("Defendant" or "Openet") hereby submits its First Amended Answer to Plaintiff Amdocs (Israel) Limited's ("Plaintiff" or "Amdocs") Complaint ("Complaint") for Patent Infringement.

**PARTIES**

1.   Openet is without knowledge or information sufficient to form a belief as to the truth of allegations of Paragraph 1 and therefore denies same.

2.   Admitted.

3.   Admitted.

4.   Openet admits that Openet Telecom, Inc. provides software and systems under the name FusionWorks to customers in the United States. Openet denies that it has committed any acts of patent infringement. Except as expressly admitted, Openet denies all other allegations of Paragraph 4. Further, Openet denies that jurisdiction and venue are proper based on these or other allegations.

1

## JURISDICTION AND VENUE

5.      Paragraph 5 contains legal conclusions to which no answer is required. To the extent an answer is deemed required, Openet admits that Plaintiff alleges patent infringement and that Plaintiff relies on the statutes cited in Paragraph 5 as the basis for its cause of action. Openet denies it has committed any acts of patent infringement.

6.      Paragraph 6 contains legal conclusions to which no answer is required. To the extent an answer is deemed required, Openet admits that based on the allegations in the Complaint, this court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). Openet denies it has committed any acts of patent infringement.

7.      Denied.

8.      Openet admits Openet Telecom, Inc. is subject to personal jurisdiction in this district. Openet denies Openet Telecom, Inc. has committed any acts of patent infringement. Except as expressly admitted, Openet denies all other allegations of Paragraph 8.

9.      Denied.

## PATENT INFRINGEMENT COUNTS

10.     Openet is without knowledge or information sufficient to form a belief as to Plaintiff's ownership of U.S. Patent No. 6,836,797 ("the '797 patent") and therefore denies same. Openet admits that U.S. Patent No. 7,631,065 ("the '065 patent") identifies, on its face, Amdocs as the assignee. Openet is without knowledge or information sufficient to form a belief as to the validity of the assignment and therefore denies same. Openet denies it has committed any acts of patent infringement. Except as expressly admitted, Openet denies all other allegations of Paragraph 10.

11. Denied.

12. Denied.

13. Denied.

## COUNT I
## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,836,797

14. Insofar as an answer is deemed required, Openet repeats and incorporates by reference the entirety of its responses contains in Paragraphs 1-13 as if fully set forth herein.

15. Openet admits that the '797 patent, on its face, is entitled "System, Method and Computer Program Product For Network Record Synthesis." Openet admits that the '797 patent identifies, on its face, an issuance date of December 28, 2004. Openet is without knowledge or information sufficient to form a belief as to Amdocs ownership of the '797 patent and therefore denies same. Except as expressly admitted, Openet denies all other allegations of Paragraph 15.

16. Denied.

17. Denied.

18. Denied.

## COUNT II
## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,631,065

19. Insofar as an answer is deemed required, Openet repeats and incorporates by reference the entirety of its responses contains in Paragraphs 1-13 as if fully set forth herein.

20. Openet admits that the '065 patent, on its face, is entitled "System, Method and Computer Program Product For Merging Data in a Network-Based Filtering

3

and Aggregating Platform." Openet admits that the '065 patent identifies, on its face, an issuance date of December 8, 2009. Openet admits that the '065 patent identifies, on its face, Amdocs as the assignee of the '065 patent. Openet is without knowledge or information sufficient to form a belief as to the validity of the assignment. Except as expressly admitted, Openet denies all other allegations of Paragraph 20.

21. Denied.

22. Denied.

23. Denied.

## DEMAND FOR JURY TRIAL

24. Paragraph 24 is a demand for jury trial to which no answer is required. To the extent an answer is deemed required, Openet admits Plaintiff requests a trial by jury and likewise requests a trial by jury.

\*   \*   \*

Openet hereby denies each and every allegations of the Complaint not specifically and expressly admitted herein.

## AMDOCS' PRAYER FOR RELIEF

Openet denies that Amdocs is entitled to any of the relief sought in its prayer for relief or to any other relief.

## OPENET'S DEFENSES

Openet denies there is any basis in fact, law, or equity for Plaintiff to obtain any relief against Openet. Further, Openet asserts the defenses set forth below. Openet reserves the right to assert any other defenses or counterclaims under the applicable laws and rules and to offer additional defenses or counterclaims that cannot now be articulated

due to Plaintiff's failure to particularize its claims and due to the need for further discovery regarding Plaintiff's claims.

## DEFENSE 1
### (Invalidity)

25. The claims of the '797 patent are invalid and/or unenforceable under one or more provisions of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

26. The claims of the '065 patent are invalid and/or unenforceable under one of more provisions of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

## DEFENSE 2
### (Non-infringement)

27. Openet has not infringed, and has not committed any acts which would give rise to liability for infringement of, any properly construed, valid and/or enforceable claims of the '797 patent.

28. Openet has not infringed, and has not committed any acts which would give rise to liability for infringement of, any properly construed, valid and/or enforceable claims of the '065 patent.

## DEFENSE 3
### (Injunction Inappropriate)

29. Plaintiff is not entitled to injunctive relief because any injury to Plaintiff is not immediate or irreparable. Even if Plaintiff establishes that Openet has infringed one or more valid, enforceable, and properly construed claims of the '797 patent or the '065 patent (which Openet denies), remedies available at law are adequate to compensate Plaintiff, rendering an injunction or other equitable relief inappropriate.

## DEFENSE 4
### (Limitations on Damages)

30.     Even if Plaintiff could establish that Openet has infringed one or more valid, enforceable, and properly construed claims of the '797 patent or the '065 patent (which Openet denies), Plaintiff is barred from recovering damages prior to Openet receiving notice of alleged infringement and/or under the doctrines of laches and/or estoppel.

## DEFENSE 5
### (No Willful Infringement)

31.     Even if Plaintiff could establish that Openet has infringed one or more valid, enforceable, and properly construed claims of the '797 patent and/or the '065 patent (which Openet denies), Plaintiff is not entitled to recover damages for willful infringement as Openet did not receive notice of alleged infringement until filing of the Complaint.

## DEFENSE 6
### (Unenforceability)

32.     The '065 patent is unenforceable for inequitable conduct due to the withholding from the U.S. Patent and Trademark Office ("PTO"), with intent to deceive the patent examiner, U.S. Patent No. 5,784,443, a prior art reference that is material to the patentability of one or more claims of the '065 patent.

33.     The '065 patent was filed on December 7, 2001 as a continuation of Patent Application No. 09/442,876, filed November 18, 1999.  The '065 patent issued on December 8, 2009.  The '065 patent purports to claim priority to Provisional Application Nos. 60/066,898, filed November 20, 1997, and 60/109,095, filed November 19, 1998.

Limor Schweitzer, Eran Wagner, and Tal Givoly are identified on the face of the '065 patent as inventors. The '065 patent was prosecuted by Kevin Zilka.

34.   Limor Schweitzer and Tal Givoly are also identified on the face of the '797 patent as inventors of that patent. Additionally, the '797 patent was also prosecuted by Kevin Zilka.

35.   U.S. Patent No. 5,784,443 ("the '443 patent"), titled "Integrated Revenue Domain for Telecommunications Networks" and identifying Jeffrey Chapman, John Reynolds, Steve Brandenburg, and Samuel Howlette as inventors, was filed on February 1, 1996 and issued on July 21, 1998.

36.   The '443 patent is prior art to the '065 patent under, *inter alia*, 35 U.S.C. 102(b), as it issued more than one year before the filing of the '065 patent. To the extent one or more claims of the '065 patent are entitled to claim priority to either or both provisional applications referenced in the '065 patent, the '443 patent is prior art to the '065 patent under, *inter alia*, 35 U.S.C. § 102(e)(2), as the '443 patent is a patent granted on an application filed before the priority date of the '065 patent.

37.   The '443 patent is anticipatory prior art to the '065 patent. For example, each limitation of claim 1 is disclosed in the specification of the '443 patent, e.g., the '443 patent discloses "[a] computer program product embodied on a computer readable storage medium for processing network accounting information comprising" ('443 patent, Col. 1, ll. 53-57), "computer code for receiving from a first source a first network accounting record" (Col. 2, ll. 50-58), "computer code for correlating the first network accounting record with accounting information available from a second source" (Col. 3, ll. 56-59), and "computer code for using the accounting information with which the first

network accounting record is correlated to enhance the first network accounting record" (Col. 3, ll. 56-59 and Col. 3, l. 65 – Col. 4, l. 15).  Accordingly, the '443 patent is highly material to the patentability of the claims of the '065 patent.

38.  Messrs. Schweitzer, Givoly, and/or Zilka were aware of the '443 patent during the prosecution of the '065 patent, as the '443 patent was cited by the patent examiner as prior art during the prosecution of the '797 patent in an attachment to an Office Action dated October 20, 2003.

39.  Several other prior art references identified by the patent examiner in the October 20, 2003 Office Action, including U.S. Patent No. 5,793,853, 6,032,147, and 6,157,648 were submitted to the PTO during the prosecution of the '065 patent by way of an Information Disclosure Statement ("IDS") filed by Mr. Zilka on April 15, 2009.  However, the '443 patent was withheld from the PTO.

40.  Based on the high materiality of the '443 patent, it can be inferred that Mr. Zilka, acting alone or in concert with Mr. Givoly, Mr. Schweitzer, and/or other individuals associated with Amdocs that were substantively involved in the prosecution of the '065 patent, withheld the '443 patent from the PTO intending to deceive the patent examiner.

41.  Intent to deceive also can be inferred from the pattern of selective disclosure during the prosecution of the '065 patent of references cited in the prosecution of the '797 patent (and in the prosecution of other Amdocs patents).  For example, based on the fact that some but not all references identified during the prosecution of the '797 patent were subsequently disclosed to the PTO during the prosecution of the '065, it can be inferred that Mr. Zilka, acting alone or in concert with Mr. Givoly, Mr. Schweitzer,

and/or other individuals associated with Amdocs that were substantively involved in the prosecution of the '065 patent, cherry-picked known references to disclose to the PTO while concealing other relevant references, including the '443 patent.

42. The concealment of the '443 patent violated the duty to disclose material information under 37 C.F.R. § 1.56(c).

43. Because the '443 patent was concealed with intent to deceive the patent examiner, the '065 patent is unenforceable for inequitable conduct.

44. Additionally, the '065 and '797 patents are unenforceable for inequitable conduct due to the withholding of information regarding systems offered by XaCCT Technologies, Ltd. and/or Xpert Unix Systems Ltd. (both predecessors to Amdocs) that were sold, offered for sale, and/or in public use before the filing of the '065 patent and '797 patents.  For example, XaCCT 2.0 was sold, available for sale or in public use at least as early as December 1996, and XaCCT 2.1 was sold, available for sale or in public use at least as early as spring 1997.

45. XaCCT 2.0 and 2.1 are prior art to the '065 patent under 35 U.S.C. 102(b), as both systems were on sale or in public use more than one year before the filing of the '065 patent.  To the extent one or more claims of the '065 patent are entitled to claim priority to either or both  provisional applications referenced in the '065 patent, XaCCT 2.0 and 2.1 are prior art to the '065 patent under at least 35 U.S.C. § 102(a), as both systems were used by others prior to the filing dates of the provisional applications.

46. The '797 patent was filed on October 23, 2001 as a continuation-in-part of Patent Application No. 09/442,876, filed November 18, 1999.  The '797 also purports to claim priority to Provisional Application No. 60/242,733, filed October 23, 2000.

47. Thus, regardless of the effective filing date of the '797 patent, XaCCT 2.0 and 2.1 are prior art to the '797 patent under 35 U.S.C. 102(b), as both systems were on sale or in public use more than one year before the filing of the '797 patent.

48. XaCCT 2.0 and 2.1 anticipate or render obvious the claims of the '065 patent and '797 patent. Accordingly, XaCCT 2.0 and 2.1 are material to the patentability of the '065 and '797 patents.

49. While later XaCCT systems (including, for example, XaCCT 3.0) were disclosed to the PTO during prosecution of the '065 patent and were at least disclosed during the prosecution of Patent Application No. 09/442,876, to which the '797 patent claims priority, the earlier XaCCT systems were not disclosed during the prosecution of the '065 and '797 patents.

50. Mr. Givoly and Mr. Schweitzer were both employees of XaCCT Technologies, Ltd. and were thus unquestionably familiar with XaCCT 2.0 and/or 2.1.

51. If XaCCT 2.0 and/or 2.1 were disclosed to the PTO, one or more claims of the '065 patent and '797 patent would have been rejected by the patent examiner.

52. Based on the high materiality of XaCCT 2.0 and 2.1 to the '065 and '797 patents, it can be inferred that Mr. Givoly and Mr. Schweitzer, acting alone or in concert Mr. Zilka or other individuals associated with XaCCT or Amdocs that were substantively involved in the prosecution of the '065 and '797 patents, intentionally withheld these references from the PTO intending to deceive the patent examiner.

53. Intent to deceive also can be inferred based on the fact that XaCCT 3.0 was disclosed to the PTO, while XaCCT 2.0 and 2.1 were withheld.

54. For these same reasons, to the extent Mr. Givoly or Mr. Schweitzer disclosed XaCCT 2.0 and 2.1 to Mr. Zilka, but Mr. Zilka, either acting alone or in concert with Mr. Givoly, Mr. Schweitzer, and/or other individuals associated with XaCCT or Amdocs that were substantively involved in the prosecution of the '065 and '797 patents, elected to withhold these references, it can be inferred that Mr. Zilka, who was unquestionably familiar with XaCCT product offerings based on the fact that he prosecuted multiple patent applications for XaCCT and Amdocs, intended deceive the patent examiner by withholding these references.

55. The concealment of XaCCT 2.0 and 2.1 violated the duty to disclose material information under 37 C.F.R. § 1.56(c).

56. Because XaCCT 2.0 and 2.1 were concealed with intent to deceive the patent examiner, the '065 and '797 patents are unenforceable for inequitable conduct.

## OPENET'S PRAYER FOR RELIEF

WHEREFORE, Openet prays for the following relief:

    A.    that this Court adjudge and decree that Openet does not infringe any valid and enforceable claims of the '797 Patent or the '065 patent;

    B.    that this Court adjudge and decree that the claims of the '797 patent and the '065 patent are invalid and/or unenforceable;

    C.    that Openet be dismissed from this case for improper venue and/or lack or jurisdiction; and

    D.    that this case be declared exceptional pursuant to 35 U.S.C. § 285 and that this Court award Openet the fees and costs of this action, including reasonable

attorneys' fees and litigation expenses; and that this Court order all such further relief it deems just and appropriate.

Openet demands a trial by jury on all issues presented in its Answer so triable by jury.

Respectfully Submitted,

Dated: February 3, 2011    By: /s/ Brian H. Pandya

James H. Wallace, Jr. (*pro hac vice* forthcoming)
Eric H. Weisblatt (VSB No. 21561)
Anthony Son (*pro hac vice* forthcoming)
Brian H. Pandya (VSB No. 72233)
WILEY REIN LLP
1776 K Street NW
Washington, D.C. 20006
Telephone: (202) 719-7000
Facsimile: (202) 719-7049
Emails:  jwallace@wileyrein.com,
eweisblatt@wileyrein.com, ason@wileyrein.com,
bpandya@wileyrein.com

*Counsel for Openet Telecom Ltd.*

**CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who have consented to electronic service are being served with a copy of this document via the Court's EM/ECF system on this 3rd Day of February 2011, with other counsel of record being served by regular mail.


/s/ Brian Pandya
Brian Pandya