UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| AMDOCS (ISRAEL) LIMITED, an Israeli Corporation, | : | Case No. 1:10-CV-910 (LMB/TRJ) |
| | : | |
| Plaintiff, | | **JURY TRIAL DEMANDED** |
| | : | |
| v. | | |
| | : | |
| OPENET TELECOM, INC., a Delaware Corporation, and OPENET TELECOM LTD., an Irish Corporation, | : | |
| | : | |
| Defendants. | | |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## PLAINTIFF AMDOCS (ISRAEL) LIMITED'S REPLY TO DEFENDANT OPENET TELECOM, INC.'s ANSWER AND COUNTERCLAIMS TO PLAINTIFF AMDOCS (ISRAEL) LIMITED'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Amdocs (Israel) Limited ("Amdocs") hereby replies to the Counterclaims of defendant Openet Telecom Inc. ("Openet") dated February 22, 2011.

46.     To the extent any of paragraphs 1-30 of Openet's Answer are determined in whole or in part to state counterclaims or the basis for counterclaims, Plaintiff Amdocs incorporates by reference paragraphs 1-30 of its Amended Complaint, and denies each and every additional averment contrary to the averments in Plaintiff's First Amended Complaint contained in paragraphs 1-30 of Openet's Answer.  As affirmative defenses, paragraphs 31-45 of Openet's Answer require no response.  However, to the extent Openet purports to incorporate by reference as counterclaims any of paragraphs 31-45 of Openet's Answer and/or any of Openet's Defenses, those averments are denied, except to the extent admitted

in Plaintiff's responses below.  To the extent Openet's allegations state legal conclusions, no response is required.

47.     The allegations contained in paragraph 47 of the Counterclaims do not contain allegations of fact requiring an answer from Amdocs.  To the extent an answer is deemed required, Amdocs admits that Openet's Counterclaims purport to arise under various sections of Title 28 and Title 35 of the U.S. Code, and that this Court would have jurisdiction for proper claims of the kind alleged.  Except as expressly admitted, Amdocs denies each and every allegation of this paragraph of the Counterclaims.

48.     The allegations contained in paragraph 48 of the Counterclaims do not contain allegations of fact requiring an answer from Amdocs.  To the extent an answer is deemed required, Amdocs admits it filed a Complaint against Openet for patent infringement, and that this Court has personal jurisdiction over Amdocs for the purposes of Openet's Counterclaims Counts I – X in this action.  Except as expressly admitted, Amdocs denies each and every allegation of paragraph 48 of the Counterclaims.

49.     The allegations contained in paragraph 49 of the Counterclaims do not contain allegations of fact requiring an answer from Amdocs.  To the extent an answer is deemed required, Amdocs admits that it filed a Complaint against Openet for patent infringement, alleging that venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b), and that the Eastern District of Virginia is a proper venue for the purposes of this action.  Except as expressly admitted, Amdocs denies each and every allegation of paragraph 49 of the Counterclaims.

50.     In regard to paragraph 50 of the Counterclaims, Amdocs admits that, as alleged in its Amended Complaint, Amdocs is the owner of U.S. Patent Nos. 6,836,797 ("the '797 patent"), 7,631,065 ("the '065 patent"), 7,412,510 ("the '510 patent") , and 6,947,984 ("the '984 patent").

51.     In regard to paragraph 51 of the Counterclaims, Amdocs admits that it alleges in its Complaint that Openet is directly infringing, inducing infringement of, and/or contributing to the infringement of the '797 patent , the '065 patent, the '510 patent, and the '984 patent.

52.     In regard to paragraph 52 of the Counterclaims, Amdocs admits that a controversy exists between Amdocs and Openet with respect to the infringement of the '797 patent , the '065 patent, the '510 patent, and the '984 patent.

## COUNTERCLAIM COUNT I
### (Invalidity of U.S. Patent No. 6,836,797)

53.     In regard to paragraph 53 of the Counterclaims, Amdocs restates and realleges the allegations of its Amended Complaint and each of the foregoing paragraphs of its Reply to Defendant Openet Telecom, Inc.'s Counterclaims as if fully set forth herein.

54.     Amdocs denies the allegations of paragraph 54 of the Counterclaims.

## COUNTERCLAIM COUNT II
### (Invalidity of U.S. Patent No. 7,631,065)

55.     In regard to paragraph 55 of the Counterclaims, Amdocs restates and realleges the allegations of its Amended Complaint and each of the foregoing paragraphs of its Reply to Defendant Openet Telecom, Inc.'s Counterclaims as if fully set forth herein.

56.     Amdocs denies the allegations of paragraph 56 of the Counterclaims.

## COUNTERCLAIM COUNT III
## (Non-infringement of U.S. Patent No. 6,836,797)

57.     In regard to paragraph 57 of the Counterclaims, Amdocs restates and reastates and realleges the allegations of its Amended Complaint and each of the foregoing paragraphs of its Reply to Defendant Openet Telecom, Inc.'s Counterclaims as if fully set forth herein.

58.     Amdocs denies the allegations of paragraph 58 of the Counterclaims.

## COUNTERCLAIM COUNT IV
## (Non-infringement of U.S. Patent No. 7,631,065)

59.     In regard to paragraph 59 of the Counterclaims, Amdocs restates and realleges the allegations of its Amended Complaint and each of the foregoing paragraphs of its Reply to Defendant Openet Telecom, Inc.'s Counterclaims as if fully set forth herein.

60.     Amdocs denies the allegations of paragraph 60 of the Counterclaims.

## COUNTERCLAIM COUNT V
## (Invalidity of U.S. Patent No. 7,412,510)

61.     In regard to paragraph 61 of the Counterclaims, Amdocs restates and realleges the allegations of its Amended Complaint and each of the foregoing paragraphs of its Reply to Defendant Openet Telecom, Inc.'s Counterclaims as if fully set forth herein.

62.     Amdocs denies the allegations of paragraph 62 of the Counterclaims.

## COUNTERCLAIM COUNT VI
## (Invalidity of U.S. Patent No. 6,947,984)

63.     In regard to paragraph 63 of the Counterclaims, Amdocs restates and realleges the allegations of its Amended Complaint and each of the foregoing paragraphs of its Reply to Defendant Openet Telecom, Inc.'s Counterclaims as if fully set forth herein.

64.     Amdocs denies the allegations of paragraph 64 of the Counterclaims.

## COUNTERCLAIM COUNT VII
### (Non-infringement of U.S. Patent No. 7,412,510)

65.     In regard to paragraph 65 of the Counterclaims, Amdocs restates and realleges the allegations of its Amended Complaint and each of the foregoing paragraphs of its Reply to Defendant Openet Telecom, Inc.'s Counterclaims as if fully set forth herein.

66.     Amdocs denies the allegations of paragraph 66 of the Counterclaims.

## COUNTERCLAIM COUNT VIII
### (Non-infringement of of U.S. Patent No. 6,947,984)

67.     In regard to paragraph 67 of the Counterclaims, Amdocs restates and realleges the allegations of its Amended Complaint and each of the foregoing paragraphs of its Reply to Defendant Openet Telecom, Inc.'s Counterclaims as if fully set forth herein.

68.     Amdocs denies the allegations of paragraph 68 of the Counterclaims.

**COUNTERCLAIM COUNT IX**
**(Unenforceability of U.S. Patent No. 7,631,065 In View of U.S. Patent No. 5,784,443)**

69.     In regard to paragraph 69 of the Counterclaims, Amdocs restates and

realleges the allegations of its Complaint and each of the foregoing paragraphs of its Reply

to Defendant Openet Telecom, Inc.'s Amended Counterclaims as if fully set forth herein.

70.     Amdocs denies the allegations of paragraph 70 of the Counterclaims.

71.     In regard to paragraph 71 of the Counterclaims, Amdocs admits that the '065

Patent was filed on December 7, 2001 as a continuation of U.S. Patent Application No.

09/442,876, which was filed on November 18, 1999.  Amdocs further admits that the '065

patent claims priority to Provisional Application No. 60/066,898, which was filed on

November 20, 1997.  Amdocs further admits that the '065 patent also claims priority to

Provisional Application No. 60/109,095, filed on November 19, 1998. Amdocs further

admits that the inventors of the '065 patent are Limor Schweitzer, Eran Wagner, and Tal

Givoly.  Amdocs further admits that Kevin Zilka participated in prosecuting the '065

patent.  Except as admitted, Amdocs denies the allegations of paragraph 71 of the

Counterclaims.

72.     In regard to paragraph 72 of the Counterclaims, Amdocs admits that the

inventors of the '797 patent are Tal Givoly and Limor Schweitzer.  Amdocs further admits

that Kevin Zilka participated in prosecuting the '797 patent.  Except as admitted, Amdocs

denies the allegations of paragraph 72 of the Counterclaims.

73.     In regard to paragraph 73 of the Counterclaims, Amdocs admits that U.S. Patent No. 5,784,443 states on its face that it is titled "Integrated Revenue Domain for Telecommunications Networks," and identifies Jeffrey M. Chapman, John Reynolds, Steve Brandenburg, and Samuel Howlette as inventors.  Amdocs further admits that the '443 patent states on its face that it was filed February 1, 1996, and issued July 21, 1998.  Except as admitted, Amdocs denies the allegations of paragraph 73 of the Counterclaims.

74.     Amdocs denies the allegations of paragraph 74 of the Counterclaims.

75.     Amdocs denies the allegations of paragraph 75 of the Counterclaims.

76.     Amdocs lacks sufficient knowledge or information regarding the allegations of paragraph 76 of the Counterclaims to admit or deny these allegations and therefore denies these allegations.

77.     In regard to paragraph 77 of the Counterclaims, Amdocs admits that U.S. Patent Nos. 5,793,853, 6,032,147, and 6,157,648 were each included, among other references, on a Notice of References Cited, which was attached to an Office Action dated October 20, 2003 and which is contained in the '797 patent file history.  Amdocs further admits that U.S. Patent Nos. 5,793,853, 6,032,147, and 6,157,648 were each included, among other references, in an Information Disclosure Statement filed by Kevin J. Zilka on April 15, 2009, which is contained in the '065 patent file history.  Except as admitted, Amdocs denies the allegations of paragraph 77 of the Counterclaims.

78.     Amdocs denies the allegations of paragraph 78 of the Counterclaims.

79.     Amdocs denies the allegations of paragraph 79 of the Counterclaims.

80.     Amdocs denies the allegations of paragraph 80 of the Counterclaims.

81.     Amdocs denies the allegations of paragraph 81 of the Counterclaims.

## COUNTERCLAIM COUNT X
### (Unenforceability of U.S. Patent Nos. 6,836,797, 7,631,065, 7,412,510, and 6,947,984 In View of XaCCT Prior Art Systems)

82.     In regard to paragraph 82 of the Counterclaims, Amdocs restates and realleges the allegations of its Amended Complaint and each of the foregoing paragraphs of its Reply to Defendant Openet Telecom, Inc.'s Counterclaims as if fully set forth herein.

83.     Amdocs denies the allegations of paragraph 83 of the Counterclaims.

84.     In regard to paragraph 84 of the Counterclaims, Amdocs admits that XaCCT 2.0 is eligible to be considered prior art to the '065 patent under 35 U.S.C. § 102. Except as admitted, Amdocs denies the allegations of paragraph 84 of the Counterclaims.

85.     In regard to paragraph 85 of the Counterclaims, Amdocs admits that the '797 patent was filed on October 23, 2001 as a continuation-in-part of U.S. Patent Application No. 09/442,876, which was filed on November 18, 1999.  Amdocs further admits that the '797 patent claims priority to Provisional Application No. 60/242,733, which was filed on October 23, 2000.  Except as admitted, Amdocs denies the allegations of paragraph 85 of the Counterclaims.

86.     In regard to paragraph 86 of the Counterclaims, Amdocs admits that XaCCT 2.0 and XaCCT 2.1 are eligible for consideration as prior art to the '797 patent under 35

U.S.C. § 102(b). Except as admitted, Amdocs denies the allegations of paragraph 86 of the Counterclaims.

87.     In regard to paragraph 87 of the Counterclaims, Amdocs admits that the '984 patent was filed on August 21, 2001 as a continuation of Patent Application 09/442,876, filed November 18, 1999, which claims priority to PCT Application US98/24963, filed November 20, 1998. Amdocs further admits that the '984 patent claims priority to Provisional Application Nos. 60/109,095, filed November 19, 1998, and 60/066,898, filed November 20, 1997. Except as admitted, Amdocs denies the allegations of paragraph 87 of the Counterclaims.

88.     In regard to paragraph 88 of the Counterclaims, Amdocs admits that XaCCT 2.0 is eligible to be considered prior art to the '984 patent under 35 U.S.C. § 102. Except as admitted, Amdocs denies the allegations of paragraph 88 of the Counterclaims.

89.     In regard to paragraph 89 of the Counterclaims, Amdocs admits that the '510 patent was filed on February 15, 2005 as a continuation of Application No. 09/935,129, now the '984 patent, and claims priority to the same applications as the '984 patent. Except as admitted, Amdocs denies the allegations of paragraph 89 of the Counterclaims.

90.     In regard to paragraph 90 of the Counterclaims, Amdocs admits that XaCCT 2.0 is eligible to be considered prior art to the '510 patent under 35 U.S.C. § 102. Except as admitted, Amdocs denies the allegations of paragraph 90 of the Counterclaims.

91.     Amdocs denies the allegations of paragraph 91 of the Counterclaims.

92.     Amdocs denies the allegations of paragraph 92 of the Counterclaims.

93.     Amdocs admits that Mr. Givoly and Mr. Schweitzer were, at one time, employees of XaCCT Technologies and were, at one time, familiar with XaCCT 2.0 and/or 2.1.  Except as admitted, Amdocs denies the allegations of paragraph 93 of the Counterclaims.

94.     Amdocs denies the allegations of paragraph 94 of the Counterclaims.

95.     Amdocs denies the allegations of paragraph 95 of the Counterclaims.

96.     Amdocs denies the allegations of paragraph 96 of the Counterclaims.

97.     Amdocs denies the allegations of paragraph 97 of the Counterclaims.

98.     Amdocs denies the allegations of paragraph 98 of the Counterclaims.

99.     Amdocs denies the allegations of paragraph 99 of the Counterclaims.

Responding to Openet's Prayer for Relief, Plaintiff Amdocs denies that Openet is entitled to any relief whatsoever, whether as requested or otherwise.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Openet's Counterclaim Count IX is barred, wholly or in part, because U.S. Patent No. 5,784,443 is not material to the patentability of the claims of the '065 patent.

### Second Affirmative Defense

Openet's Counterclaim Count X is barred, wholly or in part, because XaCCT 2.0 is not material to the patentability of the claims of the '065 patent.

### Third Affirmative Defense

Openet's Counterclaim Count X is barred, wholly or in part, because XaCCT 2.1 is not material to the patentability of the claims of the '065 patent.

### Fourth Affirmative Defense

Openet's Counterclaim Count X is barred, wholly or in part, because XaCCT 2.0 is not material to the patentability of the claims of the '797 patent.

### Fifth Affirmative Defense

Openet's Counterclaim Count X is barred, wholly or in part, because XaCCT 2.1 is not material to the patentability of the claims of the '797 patent.

### Sixth Affirmative Defense

Openet's Counterclaim Count X is barred, wholly or in part, because XaCCT 2.0 is not material to the patentability of the claims of the '510 patent.

### Seventh Affirmative Defense

Openet's Counterclaim Count X is barred, wholly or in part, because XaCCT 2.1 is not material to the patentability of the claims of the '510 patent.

### Eighth Affirmative Defense

Openet's Counterclaim Count X is barred, wholly or in part, because XaCCT 2.0 is not material to the patentability of the claims of the '984 patent.

### Ninth Affirmative Defense

Openet's Counterclaim Count X is barred, wholly or in part, because XaCCT 2.1 is not material to the patentability of the claims of the '984 patent.

### Tenth Affirmative Defense

Openet's Counterclaim Count IX is barred, wholly or in part, because U.S. Patent No. 5,784,443 is cumulative to the prior art that was disclosed during the prosecution of the '065 patent.

### Eleventh Affirmative Defense

Openet's Counterclaim Count X is barred, wholly or in part, because XaCCT 2.0 is cumulative to the prior art that was disclosed during the prosecution of the '065 patent.

### Twelfth Affirmative Defense

Openet's Counterclaim Count X is barred, wholly or in part, because XaCCT 2.0 is cumulative to the prior art that was disclosed during the prosecution of the '797 patent.

### Thirteenth Affirmative Defense

Openet's Counterclaim Count X is barred, wholly or in part, because XaCCT 2.0 is cumulative to the prior art that was disclosed during the prosecution of the '510 patent.

### Fourteenth Affirmative Defense

Openet's Counterclaim Count X is barred, wholly or in part, because XaCCT 2.0 is cumulative to the prior art that was disclosed during the prosecution of the '984 patent.

### Fifteenth Affirmative Defense

Openet's Counterclaim Count X is barred, wholly or in part, because XaCCT 2.1 is cumulative to the prior art that was disclosed during the prosecution of the '065 patent.

### Sixteenth Affirmative Defense

Openet's Counterclaim Count X is barred, wholly or in part, because XaCCT 2.1 is cumulative to the prior art that was disclosed during the prosecution of the '797 patent.

**Seventeenth Affirmative Defense**

Openet's Counterclaim Count X is barred, wholly or in part, because XaCCT 2.1 is cumulative to the prior art that was disclosed during the prosecution of the '510 patent.

**Eighteenth Affirmative Defense**

Openet's Counterclaim Count X is barred, wholly or in part, because XaCCT 2.1 is cumulative to the prior art that was disclosed during the prosecution of the '984 patent.

**Nineteenth Affirmative Defense**

Openet's Counterclaims Counts IX and X are barred due to lack of intent to deceive the United States Patent and Trademark Office or its representatives.

**Twentieth Affirmative Defense**

To the extent Openet's allegations assert fraud, Openet fails to allege fraud with particularity.

WHEREFORE, Plaintiff Amdocs respectfully realleges the request in its Prayer for Relief in its Complaint, and requests judgment in its favor and against Openet on Counts I through X of Openet's Amended Counterclaims, including costs, fees, and whatever other relief the Court deems appropriate.

The Plaintiff respectfully requests a trial by jury on all issues properly triable by jury.


Respectfully submitted,


_____/s/_____
Gregory H. Lantier (Bar. No. 65657)
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, DC 20006

Phone:  (202) 663-6000
Fax:  (202) 663-6363
gregory.lantier@wilmerhale.com

Attorney for Plaintiff
Amdocs (Israel) Limited

*Of counsel:*

Nels T. Lippert, *pro hac vice*
S. Calvin Walden, *pro hac vice*
Laura A. Sheridan, *pro hac vice*
WILMER CUTLER PICKERING
HALE AND DORR LLP
399 Park Avenue
New York, New York 10022
Phone:  (212) 230-8800
Fax:  (212) 230-8888

Attorneys for Plaintiff

Dated: March 10, 2011

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of March, 2011, I will electronically file the foregoing with the Clerk of Court using CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Brian Himanshu Pandya, Esq.
(Attorney for Openet Telecom, Inc. and Openet Telecom, Ltd.)
Wiley Rein LLP
1776 K Street NW
Washington, DC 20006
bpandya@wileyrein.com

_____/s/_____

Gregory H. Lantier (Bar. No. 65657)
WILMER, CUTLER, PICKERING,
HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, DC 20006
Phone:  (202) 663-6000
Fax:  (202) 663-6363
gregory.lantier@wilmerhale.com

Attorney for Plaintiff
Amdocs (Israel) Limited