IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| AMDOCS (ISRAEL) LIMITED, an Israeli Corporation, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>OPENET TELECOM, INC., a Delaware Corporation, and OPENET TELECOM LTD., an Irish Corporation, )<br>)<br>)<br>Defendants. ) | 1:10cv910 (LMB/TRJ) |

ORDER

Before the Court is the Defendants' Motion to File Under Seal [Dkt. No. 138], in which they seek leave to file all of the briefs and many of the exhibits in support of their Motions in Limine Nos. 1, 2, 7, 8, and 10 [Dkt. Nos. 118, 120, 131, 133, and 137] entirely under seal.  The only basis for this request is that defendants have designated certain materials as "Highly Confidential" under the Court's Protective Order.

The denial of public access to pleadings and exhibits "must be necessitated by a compelling government interest and narrowly tailored to serve that interest."  Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988).  Local Civil Rule 5 requires all motions to seal to be accompanied by "[a] non-confidential description of what is to be sealed;" "[a] statement as to why sealing is necessary, and why another procedure will not suffice;" "[r]eferences to governing case law; and" "[u]nless permanent sealing is sought, a statement as to the period of time the party seeks to have the matter maintained under seal as to how

the matter is to be handled upon unsealing."

In this case, defendants' one-page motion to seal, broadly asserting that the briefs and exhibits contain confidential information, is patently insufficient. Defendants provide absolutely no description of exactly what information needs to be sealed, no statement as to why sealing is necessary, and no references to governing caselaw. Moreover, defendants have wholly failed to justify sealing the five briefs and exhibits in their entirety. The vast majority of these briefs and exhibits contain opinion, legal analysis, and facts properly available to the public. It is clear that the defendants used no judgment whatsoever in asking the Court to seal entire briefs and exhibits in support of their Motions in Limine. Throughout this litigation, the magistrate judge and chambers staff have informed both parties that it is unacceptable for them to file briefs and exhibits under seal with absolutely no explanation, yet with the pleadings at issue the defendants have disregarded the Court's well-established sealing procedures. As such, the Court is prepared to order that every one of the briefs and exhibits that were filed under seal be unsealed, unless the defendants can show cause why such unsealing should not occur. This is, after all, only a patent infringement action, not one involving national security issues. Accordingly, it is hereby

ORDERED that within two days of this Order, defendants publicly file all briefs and exhibits in support of their Motions

in Limine Nos. 1, 2, 7, 8, and 10, unless they can show good reasons for maintaining specific information under seal. That a party may have designated material as confidential during the discovery process is not a sufficient basis for sealing that material. Moreover, the Court will impose monetary sanctions on any counsel in this civil action who files any pleading or exhibit under seal without good cause.

The Clerk is directed to forward copies of this Order to counsel of record.

Entered this 28 day of June, 2011.

Alexandria, Virginia

/s/ *[signature]*
Leonie M. Brinkema
United States District Judge