**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| AMDOCS (ISRAEL) LIMITED, an Israeli Corporation, ) ) ) | Case No. 1:10-cv-910 (LMB/TRJ) |
| Plaintiff, ) ) | |
| v. ) ) | |
| OPENET TELECOM, INC., a Delaware Corporation, and OPENET TELECOM LTD., an Irish Corporation, ) ) ) ) | |
| Defendants. ) ) | |

**AMDOCS' OPPOSITION TO OPENET'S MOTION TO STRIKE EXHIBITS 8-10 TO
AMDOCS' OPPOSITION TO OPENET'S MOTION FOR SUMMARY JUDGMENT**

Openet's Motion to Strike Exhibits 8-10 to Amdocs' Opposition to Openet's Motion for Summary Judgment attempts to create an issue where none exists. Openet urges the Court to strike the five references to the expert reports of Dr. Ellen Zegura that appear in Amdocs' Opposition to Openet's Motion for Summary Judgment and *Markman* briefing on the grounds that "unsworn expert reports do not comply with the requirements of Fed. R. Civ. P. 56(e)."[1] (*See* Openet Br. (Dkt. 165) at 1.) Openet's motion should be denied for three reasons: (i) Rule 56 does not apply to *Markman* briefing; (ii) where Rule 56 does apply, the reference to Dr.

---

[1] As a result of 2010 amendments to Federal Rule of Civil Procedure 56 (which Openet's brief ignores), section (e) of Rule 56 no longer addresses the evidence that an opposing party must use in responding to a motion for summary judgment. *See* Fed. R. Civ. P. 56(e) (effective Dec. 1, 2010) (now entitled "Failing to Properly Support or Address a Fact."). Instead, Rule 56 addresses evidence admissible in summary judgment briefing in section (c). The rules apply to all cases filed on or after December 1, 2010, as well as in "all proceedings then pending 'insofar as just and practicable.'" Rules and Forms Amendments Effective 12/1/10, http://www.uscourts.gov/RulesAndPolicies/FederalRulemaking/Overview/RulesForms120110.aspx (citing 28 U.S.C. § 2074(a); April 28, 2010 Supreme Court Orders).

Zegura's report is a ***sworn*** statement; and (iii) in any event, Dr. Zegura is willing to submit a sworn declaration attaching the challenged expert reports if the Court requires.

*First*, all references to Dr. Zegura's report but one appear in the section of Amdocs' opposition brief entitled "Claim Construction Issues"—*i.e.*, Amdocs' *Markman* briefing. (Amdocs Opp. (Dkt. 103) at 2-12.) The references concern Dr. Zegura's opinions regarding the construction of claim terms at issue in the case. (*Id.* at 7 (stating Dr. Zegura's opinion with regard to the meaning of a claim term), 8 (same), 10 (same), 11 (same).) We are aware of no law (and Openet cites none) stating that a court may rely solely on sworn testimony in construing claim terms. To the contrary, the Federal Circuit is clear that district courts are not "barred from considering any particular sources or required to analyze sources in any specific sequence, as long as those sources are not used to contradict claim meaning that is unambiguous in light of the intrinsic evidence." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1324 (Fed. Cir. 2005) (en banc). Courts may, in their discretion, admit extrinsic evidence like expert reports to help educate themselves about the field of the invention in order to determine how a person of ordinary skill in the art would understand the claim terms. *See id.* at 1319. Thus, this Court is free to rely on the opinions of Dr. Zegura as expressed in her expert reports in construing the claim terms at issue.

The cases on which Openet relies each stand for the proposition that courts do not consider unsworn statements when ruling on motions for summary judgment under Rule 56.[2] Those cases are inapposite. Rule 56 does not apply to *Markman* briefing, even where, as here, the parties briefed claim construction and summary judgment issues together.

*Second*, the only other reference to one of Dr. Zegura's reports in Amdocs' Opposition is used to rebut Openet's assertion that Dr. Zegura offered no opinions on DSD scripts. In point of fact, Dr. Zegura did offer an opinion on DSD scripts. As Amdocs explained in its Opposition Brief, Dr. Zegura **testified under oath** at her deposition that she was "relying on" DSD scripts in her supplemental expert reports. (Amdocs Opp. (Dkt. 103) at 26, n.9. (citing Ex. 40, Zegura Dep. Tr. 19:6-8).) Amdocs ***also*** cited the supplemental report itself—not for the truth of what was asserted in the report, but rather to rebut Openet's misrepresentation and to demonstrate that Dr. Zegura had in fact expressed an opinion on that issue. (*Id.*) Thus, there is no question that these facts are supported by sworn testimony.

*Third*, in any event, to avoid any perceived deficiency, Dr. Zegura is willing to provide a sworn declaration attaching the challenged reports, if the Court requires. *See* Fed. R. Civ. P. 56(e)(1); *In re Iron Workers Local 25 Pension Fund*, Nos. 04–cv–40243, 07–cv–12368, 2011 WL 1256657, at *12 (E.D. Mich. Mar. 31, 2011) ("affidavits affirming the contents of each

---

[2]   Openet's brief fails to account for the fact that Rule 56 was amended in December 2010. Courts have held that, under amended Rule 56, a party may rely on an unsworn expert report because "statements in the parties' expert reports can be considered at summary judgment because they can be 'presented in a form that would be admissible in evidence,' namely through the experts' testimony." *See Hubbell v. Carney Bros. Const.*, No. 05-cv-00026, 2010 WL 5109984, at *4 (D. Colo. Dec. 8, 2010) (overruling objections to consideration of unsworn expert reports at summary judgment); *see also Crouch v. Teledyne Continental Motors, Inc.*, No. 10-00072, 2011 WL 1539854, at *1 n.3 (S.D. Ala. April 21, 2011) (overruling objection to consideration of expert reports at summary judgment because "the opinions expressed in the expert reports are capable of being reduced to admissible evidence"). Here, the opinions Dr. Zegura expressed in her expert reports can be presented at trial in a form that would be admissible in evidence—her live testimony.

expert's report, however, cure any technical deficiencies associated with the submission of the original, unsworn reports"); *Maytag Corp. v. Electrolux Home Prods., Inc.*, 448 F. Supp. 2d 1034, 1064 (N.D. Iowa 2006) (holding that "subsequent verification or reaffirmation of an unsworn expert's report, either by affidavit or deposition, allows the court to consider the unsworn expert's report on a motion for summary judgment").

For the reasons stated above, Amdocs respectfully requests that Openet's Motion to Strike be denied.

Dated: July 6, 2011                                          Respectfully submitted,

                                                             _____/s/_____
                                                             James L. Quarles III (Bar No. 44993)
                                                             Gregory H. Lantier (VSB No. 65657)
                                                             WILMER CUTLER PICKERING
                                                                   HALE AND DORR LLP
                                                             1875 Pennsylvania Avenue NW
                                                             Washington, DC 20006

                                                             Nels T. Lippert, *pro hac vice*
                                                             S. Calvin Walden, *pro hac vice*
                                                             WILMER CUTLER PICKERING
                                                                   HALE AND DORR LLP
                                                             399 Park Avenue
                                                             New York, NY 10022

                                                             *Counsel for Amdocs (Israel) Limited*

- 5 -

## CERTIFICATE OF SERVICE

        I hereby certify that on the 6th day of July, 2011, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Brian H. Pandya, Esq.
(Attorney for Openet Telecom, Inc. and Openet Telecom, Ltd.)
Wiley Rein LLP
1776 K Street NW
Washington, DC 20006
bpandya@wileyrein.com

                                                  _____/s/_____

                                        Gregory H. Lantier (Bar. No. 65657)
                                        WILMER, CUTLER, PICKERING,
                                              HALE AND DORR LLP
                                        1875 Pennsylvania Avenue, N.W.
                                        Washington, DC 20006
                                        Phone:  (202) 663-6000
                                        Fax:  (202) 663-6363
                                        gregory.lantier@wilmerhale.com

                                        *Attorney for Plaintiff*
                                        *Amdocs (Israel) Limited*