**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| AMDOCS (ISRAEL) LIMITED, an Israeli Corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>OPENET TELECOM, INC., a Delaware Corporation, and OPENET TELECOM LTD., an Irish Corporation,<br><br>    Defendants. | Case No. 1:10-CV-910 (LMB/TRJ) |

**OPENET'S OPPOSITION TO AMDOCS' MOTION FOR ENTRY OF JUDGMENT**

James H. Wallace, Jr. (admitted *pro hac vice*)
Eric H. Weisblatt (VSB No. 21561)
Anthony H. Son (admitted *pro hac vice*)
Brian H. Pandya (VSB No. 72233)
Adrienne G. Johnson (VSB No. 78631)
Joseph Shin (VSB No. 79051)
WILEY REIN LLP
1776 K Street NW
Washington, DC 20006
Telephone: (202) 719-7000
Facsimile: (202) 719-7049

*Counsel for Defendants Openet Telecom, Inc.
and Openet Telecom Ltd.*

**I.     INTRODUCTION**

Amdocs' motion for entry of judgment is ill-conceived, illogical, and contrary to well-established precedent.  This Court's Order of September 27, 2012 ("Order") reflects a proper exercise of this Court's discretion to provide the parties the opportunity to "proceed to trial on [Openet's] invalidity counterclaims and adjudicate them to finality, thus ending the litigation on the merits and leaving nothing for the Court to do but execute the judgment."  *Korszun v. Pub. Techs. Multimedia, Inc.*, 96 F. App'x 699, 700 (Fed. Cir. 2004) (quotation marks omitted) (citing *Nystrom v. TREX Co.*, 339 F.3d 1347, 1350 (Fed. Cir. 2003)).  The procedure set forth in the Order should not be disrupted as Amdocs suggests.

**II.    BACKGROUND**

Amdocs' "rush to judgment" is a newly found trait.  The first of the four patents-in-suit issued in December 2004; the last issued five years later in December 2009.  On August 16, 2010, without any prior notice to Openet, Amdocs filed its Complaint.  Amdocs then waited nearly three months to serve the complaint.  Thus, Amdocs wait of "twenty-seven months to enjoin Openet," Amdocs Mem. at 1, includes the three months Amdocs did nothing and the fourteen months that the parties patiently waited for this Court's Order.  Throughout this time, Amdocs used its unfounded allegations of infringement to scare customers and investors away from doing business with Openet.  Amdocs has no incentive to seek an early resolution of this matter.  Indeed, earlier this year, Amdocs rejected a request by Openet to file a joint request with the Court related to the pending summary judgment motions in the hopes of moving this matter along.

This Court ended the parties' wait on September 27, 2012, when it issued the Order.  The Order granted Openet's motion for summary judgment of non-infringement and informed the

1

parties that a Memorandum Opinion would issue explaining the Court's claim construction and the grounds for its finding of no infringement.[1] The Court's ruling left only the issue of patent invalidity for trial. Within fourteen days of receipt of the Court's Memorandum Opinion, the parties are to "meet and confer about whether they want to take the invalidity claims to trial" and so advise the Court. Order at 2. The Court denied as moot all of the pending motions *in limine* and motions related to the conduct of the trial, with leave to refile those motions if invalidity is tried and any motions remain relevant. *Id*.

Amdocs now takes Openet to task because Openet will not declare whether it will pursue its invalidity counterclaims, nor agree to a stay of their counterclaims, before receiving and reviewing the forthcoming Memorandum Opinion. Amdocs Mem. at 1. Openet should not be forced to make that election at this time. In its Order, the Court informed the parties that its claim constructions "do not always adopt either of the party's proposed constructions." Order at 2. Without knowledge of the Court's claim constructions, it is not possible to make an informed decision whether to take the invalidity claims to trial. That is why the Order grants the parties fourteen days after the Court's Memorandum Opinion is received to make that informed decision. Openet will not agree to a stay because the most rapid road to finality at the District Court is to await the Memorandum Opinion and decide whether to proceed to trial and, if necessary, adjudicate the invalidity counterclaims to finality. The salutary procedure created by the Order will leave nothing for the Court to do but execute the judgment. *Nystrom*, 339 F.3d at 1350-51. A single appeal will ensue, and the public policy against piecemeal appeals is preserved. There is no good reason to disturb this Court's procedure outlined in the Order. Amdocs' motion should be denied.

---

[1] The Court also granted Amdocs' motion for a summary judgment of no inequitable conduct.

**III.     ARGUMENT**

Amdocs conceded that this Court, "faced with an invalidity counterclaim challenging a patent it concluded was not infringed" may, in its discretion, hear the counterclaim. *See* Amdocs Mem. at 3 (citing *Liquid Dynamics Corp. v. Vaughan Co.*, 355 F.3d 1361, 1370-71 (Fed. Cir. 2004)). Yet, Amdocs never explains how and why the procedure set forth in this Court's Order was an abuse of discretion. Instead, Amdocs chastises the Court for the purported harm caused to Amdocs by an "indefinite" delay, Amdocs Mem. at 6, and brazenly assumes to know and be able to explain the basis for the Court's decision that the asserted claims are not infringed. *Id.* at 5-6.

Amdocs' suggested procedure asks this Court to enter judgment without the Court's planned Memorandum Opinion that "will provide the reasons why Openet's Proposed Claim Construction and Motion for Summary Judgment of Non-Infringement and Invalidity" was granted in part including the Court's claim construction. Order at 1. "[T]o know the reasoning a district court used in deciding to grant summary judgment facilitates the task of a reviewing court, and there does exist a risk in complicated cases of an unnecessary reversal if the logic that resulted in the grant of summary judgment cannot be discerned." *TriMed, Inc. v. Stryker Corp.*, 608 F.3d 1333, 1343 (Fed. Cir. 2010).

A fundamental flaw in Amdocs' proposed path forward is that it risks repeated appeals to the Federal Circuit in violation of the policy against piecemeal appeals. The piecemeal appeal result of *Liquid Dynamics Corp. v. Vaughan Co.*, 355 F.3d 1361 (Fed. Cir. 2004), repeatedly cited by Amdocs, amply demonstrates why this Court properly exercised its discretion when it issued its Order. In *Liquid Dynamics*, the district court exercised its discretion to dismiss the invalidity counterclaim as moot because it found no infringement. *Id.* at 1370. However, the

Federal Circuit disagreed with the court's claim construction, vacated the decision, reinstated the invalidity counterclaims, and remanded for further proceedings. *Id.* at 1370-71. After both a jury trial and a bench trial, there was a second appeal to the Federal Circuit. *Id.*

The multiple appeals required to reach finality in *Liquid Dynamics* were unnecessary in *Gentry Gallery, Inc. v. Berkline Corp.*, 134 F.3d 1473 (Fed. Cir. 1998). In *Gentry Gallery*, the district court issued an opinion that construed the claims, granted Berkline's motion for summary judgment of non-infringement, but denied the motions for summary judgment of invalidity and unenforceability. *Id.* at 1475-76. Like Amdocs, Gentry requested that final judgment be entered so that it could immediately appeal the non-infringement decision. *Id.* Berkline requested that the invalidity and unenforceability counterclaims proceed to trial. In the exercise of its discretion, the district court agreed and conducted a bench trial. *Id*. Only a single appeal was needed to end the litigation.

The results in *Liquid Dynamics* and *Gentry Gallery* show that, "the better practice is to treat both the validity and infringement issues." *Phonometrics, Inc. v. N. Telecom Inc.*, 133 F.3d 1459, 1468 (Fed. Cir. 1998). *Phonometrics* was repeatedly cited by Amdocs, but its rule was ignored: Only where "noninfringement is clear and invalidity is not plainly evident" is it "appropriate to treat only the infringement issue." *Id.*[2] Of course, Amdocs respectfully disagrees that "noninfringement is clear" and tacitly admits that without this Court's claim construction, it cannot now be known whether "invalidity is not plainly evident." Thus, the approach of *Phonometrics* that Amdocs asks the Court to take is inappropriate here.

---

[2] The district court cases relied upon by Amdocs repeatedly cite this language of *Phonometrics* in the exercise of their discretion to dismiss invalidity counterclaims upon the grant of a summary judgment of non-infringement. *See, e.g.*, *Fox Grp., Inc. v. Cree, Inc.*, 819 F. Supp. 2d 520, 524 (E.D. Va. 2011); *Am. Piledriving Equip., Inc. v. Geoquip, Inc.*, 696 F. Supp. 2d 582, 593 (E.D. Va. 2010).

4

The Federal Circuit has long stressed "the useful general rule that trial courts shall decide all litigated issues in the interest of finality." *Multiform Desiccants, Inc. v. Medzam Ltd.*, 133 F.3d 1473, 1481 (Fed. Cir. 1998).[3] The potential problems solved by the procedure of the Order are fully delineated in the procedure set forth in the Order – which was well-thought out, is the better practice, and is wholly within the exercise of this Court's discretion – and will avoid piecemeal appeals. Amdocs' motion should be denied.

Dated: December 11, 2012

                                                                                                   /s/
James H. Wallace, Jr. (admitted *pro hac vice*)
Eric H. Weisblatt (VSB No. 21561)
Anthony H. Son (admitted *pro hac vice*)
Brian H. Pandya (VSB No. 72233)
Adrienne G. Johnson (VSB No. 78631)
Joseph Shin (VSB No. 79051)
WILEY REIN LLP
1776 K Street NW
Washington, DC 20006
Telephone: (202) 719-7000
Facsimile: (202) 719-7049

*Counsel for Defendants Openet Telecom, Inc. and Openet Telecom Ltd.*

---

[3] In *Multiform,* unlike here, the defendant did not file a counterclaim for a declaration of invalidity, only an affirmative defense. *Id.*

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of the foregoing document via the Court's EM/ECF system on this 11th Day of December 2012, with other counsel of record being served by regular mail.

/s/ Brian H. Pandya
Brian H. Pandya