# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| AMDOCS (ISRAEL) LIMITED, an Israeli Corporation<br>Plaintiff,<br>v.<br>OPENET TELECOM, INC., a Delaware Corporation, and OPENET TELECOM LTD., an Irish Corporation,<br>Defendants. | Case No. 1:10-cv-910 (LMB/TRJ) |

**OPENET'S REPLY TO AMDOCS' RESPONSE TO MARCH 13, 2013 ORDER**

Amdocs' response (dkt #273) to the Court's March 13, 2013 Order (dkt #271) regarding Openet's pending Bill of Costs seeks to conjure imagined discovery disputes in an attempt to avoid paying for deposition costs Openet incurred in this litigation. Openet submits this reply brief to address and clarify three assertions in Amdocs' response.

First, Amdocs incorrectly states that "Amdocs never successfully requested that any Openet witness travel for a deposition." Amdocs Resp. at 3. Three Openet fact witnesses, all of whom hold senior managerial and technical positions in the company, and all three of Openet's expert witnesses traveled to Washington, D.C. for depositions as requested in Amdocs' deposition notices.[1] *See* Ex. B (notices of deposition).

On February 10, 2011 Joseph Hogan was brought to Washington, D.C. to be deposed at WilmerHale's office. He is the founder and Chief Technology Officer of the company and lives in Dublin, Ireland. On March 9, 2011, Noel O'Rafferty was brought to Washington, D.C. to be

[1] The depositions were conducted in Washington, D.C. rather than in the Eastern District of Virginia itself because counsel for both Openet and Amdocs have their offices within three city blocks of each other in Washington, D.C.

deposed at WilmerHale's office. He is a training manager at the company and lives in Dublin, Ireland. On April 27, 2011, Gaogao Wang was brought Washington, D.C. to be deposed at WilmerHale's office. He is a senior product marketing manager at the company and lives in Atlanta, GA. On April 22, 2011 Mary Woodford was brought to Washington, D.C. to be deposed at WilmerHale's office. She is Openet's damages expert and lives in Asheville, NC. On May 4, 2011, Michael Shamos was brought to Washington, D.C. to be deposed at WilmerHale's office. He is Openet's technical expert and lives in Pittsburgh, PA. On May 5, 2011, Patrick McDaniel was brought to Washington, D.C. to be deposed at WilmerHale's office. He is Openet's technical expert and lives in State College, PA. Under Local Civil Rule 30(E), the costs of travel for these witnesses should be recoverable.

Second, Amdocs makes the false and inflammatory claim that "[u]like in most cases, where counsel work together cooperatively to schedule discovery depositions, here Openet refused to engage in any negotiations regarding the dates and locations of its witnesses depositions" is false and inflammatory. Amdocs' Resp. at 3. Both Openet and its undersigned counsel expended much effort to make its witnesses—most of whom are executives and/or senior engineers at Openet—available on dates and locations that minimized inconveniences on counsel for Amdocs and then went to great lengths to verify that those dates and locations were acceptable to Amdocs' counsel. *See* Ex. A (lengthy email chain between counsel for Openet and counsel for Amdocs). Openet's cooperation in scheduling depositions stands in contrast to Amdocs' intransigence in bringing its witnesses forward for depositions. For example, Openet had to move to compel the deposition of the only inventor of the patents-in-suit that was an Amdocs employee, despite that inventor being designated by Amdocs to testify as its corporate witness on a number of 30(b)(6) topics noticed by Openet. *See* Dkt. No. 36 (Openet's motion to compel the 30(b)(6) deposition of Tal Givoly and the inventor depositions of Limor Schweitzer

and Eran Wagner). Furthermore, even though Amdocs chose to file the suit in the Eastern District of Virginia, Amdocs only made one of its 30(b)(6) witnesses (Zur Yahalom) available in or near the Eastern District of Virginia for deposition. For Amdocs' other 30(b)(6) witnesses (Tal Givoly, Udi Hershkovich, and Kevin Zilka), Openet had to travel to, respectively, New York City, Pittsburgh, PA, and San Jose, CA to take those depositions. Amdocs also did not make its experts available for deposition in or near the Eastern District. Openet instead had to travel to Atlanta to depose Ellen Zegura and to Chicago to depose Mark Hosefield.

Third, seven of the witnesses were deposed near their homes or offices. Philip Hogan, Eimer McGovern, Alan McNamee, Niall Norton, and Niall Byrne live or work near Dublin Ireland, and were deposed there. Michael Manzo lives in San Francisco, CA and was deposed in Palo Alto, CA. Juliana Su works in Reston, VA and was deposed in Washington, D.C. For these witnesses, Openet only seeks the costs the witnesses incurred in traveling from their homes or offices to the places of deposition and their witness attendance fees. These modest expenses should be allowed.

For the foregoing reasons, Openet respectfully requests that this Court tax the travel and incidental expenses associated with the depositions of thirteen Openet witnesses, in addition to the other taxable costs listed in Openet's Bill of Costs.

Respectfully submitted,

Dated: March __, 2013

_______________________

James H. Wallace, Jr. (admitted pro hac vice)
Anthony H. Son (admitted pro hac vice)
Brian H. Pandya (VSB No. 72233)
Joseph Shin (VSB No. 79051)
WILEY REIN LLP
1776 K Street NW
Washington, D.C. 20006
Telephone: (202) 719-7000
Facsimile: (202) 719-7049

*Counsel for Defendants Openet Telecom, Inc. and Openet Telecom Ltd.*