IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FILED
MAR 2 1 2013
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

AMDOCS (ISRAEL) LIMITED, an )
  Israeli Corporation, )
                          )
      Plaintiff )
                          )
    v. )   1:10cv910  (LMB/TRJ)
                          )
OPENET TELECOM, INC., a Delaware )
  Corporation, et al., )
                          )
      Defendants. )

## MEMORANDUM OPINION

Before the Court is defendants Openet Telecom, Inc. and
Openet Telecom Ltd.'s (collectively, "Openet") Bill of Costs
[Dkt. No. 263], which seeks total costs of $132,137.90.[1]
Plaintiff Amdocs (Israel) Limited ("Amdocs") has filed an
extensive opposition [Dkt. No. 265], and Openet responded to that
opposition [Dkt. No. 268]. Accordingly, the issues raised are
ripe for decision.

## I.   BACKGROUND

Amdocs filed this civil action on August 16, 2010, alleging
that Openet infringed its patents, specifically United States
Patent Nos. 6,836,797 and 7,631,065. The complaint was later

---

[1] Openet originally requested $134,014.71 in costs, but reduced
that request to $132,137.90 in its response to Amdocs'
opposition. See Openet's Resp. to Amdocs' Opp'n to Openet's Bill
of Costs ("Defs.' Resp."), attach. 5 ("Revised Exhibit D")
(reducing the requested witness fees to $6,917.51 from
$8,794.32).

amended to include allegations that Openet also infringed United States Patent Nos. 7,412,510 and 6,947,984. Openet filed a counterclaim alleging that the patents at issue were invalid and also unenforceable due to plaintiff's inequitable conduct. On April 21, 2011, the Court held the final pretrial conference and scheduled a jury trial to begin on July 25, 2011.

The parties filed cross-motions for summary judgment on May 26, 2011, and several motions in limine on June 27, 2011, all of which were set for oral argument on July 8, 2011. See Dkt. Nos. 79, 95, 98, 115, 117, 119, 121, 124, 126, 128, 130, 132, 134, 136, 139, 141, 143, 145, 147, 150, 151, 154. At that hearing, the pending motions were held in abeyance, see Dkt. No. 225, and the Court strongly suggested that the parties try to mediate a resolution of their dispute. If no resolution were reached, the Court would address the pending issues. Hr'g Tr. [Dkt. No. 230] at 21:23-22:7. No settlement was reached, the parties argued their summary judgment motions, and on September 27, 2012, summary judgment of non-infringement was granted in favor of Openet, and summary judgment of no inequitable conduct was granted in favor of Amdocs. See Dkt. No. 248. These decisions were explained by a Memorandum Opinion issued on January 22, 2013, which also dismissed without prejudice Openet's invalidity claims. See Dkt. No. 260.

A prevailing party may recover costs, other than attorney's fees, under Fed. R. Civ. P. 54(d)(1); however, this rule does not give the district court "unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of his case." Farmer v. Arabian Am. Oil Co., 379 U.S. 227, 235 (1964). Instead, the court may tax only those costs authorized by statute. See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987). The general taxation of costs statute, 28 U.S.C. § 1920, provides six categories of costs that may be taxed: (1) clerk and marshal fees, (2) transcript fees (3) printing and witness fees, (4) copying fees, (5) docket fees under 28 U.S.C. § 1923, and (6) compensation of court appointed experts, interpreters, and special interpretation services. Within those categories, "the court has wide latitude to award costs." Francisco v. Verizon S., Inc., 272 F.R.D. 436, 441 (E.D. Va. 2011).

Although there is a presumption that a prevailing party is entitled to costs unless the opposing party can show otherwise, see Cherry v. Champion Int'l Corp., 186 F.3d 442, 446 (4th Cir. 1999), the prevailing party "bears the burden of showing that the requested costs are allowable under § 1920." Francisco, 272 F.R.D. at 441 (citing Cofield v. Crumpler, 179 F.R.D. 510, 514 (E.D. Va. 1998)). Once the prevailing party has met this burden,

the burden shifts to the non-prevailing party to identify any improprieties.  Id.

Amdocs argues that Openet's Bill of Costs should be denied in its entirety as excessive.  To overcome "the presumption that costs are to be awarded to the prevailing party . . . a district court must justify its decision [to deny costs] by articulating some good reason for doing so."  Cherry, 186 F.3d at 446 (quoting Teague v. Bakker, 35 F.3d 978, 995-96 (4th Cir. 1994)) (alteration in original) (internal quotation marks omitted). That is, "[c]osts may be denied to the prevailing party only when there would be an element of injustice in a presumptive cost award."  Id.  Specific examples of such circumstances include "misconduct by the prevailing party worthy of a penalty . . . or the losing party's inability to pay," and courts may consider as additional factors costs' "excessiveness in a particular case, the limited value of the prevailing party's victory, or the closeness and difficulty of the issues decided."  Id.

Although Openet seeks a large amount in costs, the amount is not so excessive as to justify the penalty of declining to award any costs at all.  Any excess is more appropriately handled through consideration of each category of costs.

Amdocs argues in the alternative that the Court should defer adjudging costs until the pending appeal has been decided,

pointing to the advisory committee note for the 1993 amendments to Federal Rule of Civil Procedure 54, which provides:

> If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved. A notice of appeal does not extend the time for filing a fee claim based on the initial judgment, but the court under subdivision (d)(2)(B) may effectively extend the period by permitting claims to be filed after resolution of the appeal.

Fed. R. Civ. P. 54 advisory committee's note (1993 amendments). These comments address the provisions governing attorney's fees in subsection (d)(2), and therefore do not directly address the issue before the Court. See also Reed v. Health & Human Servs., 774 F.2d 1270, 1277 (4th Cir. 1985) (finding that "a district court may properly defer ruling [on a petition for attorney's fees] pending ultimate resolution of the merits"), rev'd on other grounds sub nom. Luckhard v. Reed, 481 U.S. 368 (1987). Although some courts have chosen to defer the assessment of costs until the appellate process has been completed, see, e.g., Ortho-McNeil Pharm., Inc. v. Mylan Labs. Inc., No. 1:02cv32, 2008 WL 7384877, at *1 (N.D.W.V. Aug. 18, 2008), aff'd in part, vacated in part on other grounds, 569 F.3d 1353 (Fed. Cir. 2009); Interactive Picture v. Infinite Pictures, Inc., No. 3:96-cv-849, 2002 WL 32059348, at *1 (E.D. Tenn. Jan. 3, 2002), this Court finds that an immediate determination of costs is "in the interest of

judicial efficiency . . . because it would permit any appeal as to costs to be consolidated with that on the merits." Singleton v. Dep't of Corr. Educ., No. 1:03cv4, 2003 WL 22299039, at *1 (W.D. Va. Oct. 3, 2003).

Accordingly, the Court makes the following findings regarding the specific costs in dispute.

## A. Pro Hac Vice Application Fees

Openet seeks $100.00 for two pro hac vice admission fees. Amdocs argues that these fees should not be taxed because such fees are not listed in the local taxation of costs guidelines[2] and those guidelines state that other "miscellaneous fees" are not taxable. Although these fees are not listed, other courts in this district have awarded them as "fees of the clerk." See, e.g., Mann v. Heckler & Koch Def., Inc., No. 1:08cv611, 2011 WL 1599580, at *2 (E.D. Va. Apr. 28, 2011); Synergistic Int'l, LLC v. Korman, 2007 WL 517676, No. 2:05cv49, at *2 (E.D. Va. Feb. 8, 2007).

Amdocs further argues that the pro hac vice admissions of Mr. James Wallace and Mr. Anthony Son were not necessary because Openet was represented by four other Wiley Rein attorneys who specialized in patent infringement litigation and were admitted to practice in this Court. Openet counters that Mr. Wallace and

---

[2] Taxation of Costs Guidelines (rev. Jan. 28, 2011), http://www.vaed.uscourts.gov/formsandfees/documents/TaxationofCostsGuidelines1-28-11.pdf [hereinafter Costs Guidelines].

Mr. Son were lead counsel in this litigation, and the record bears out this representation. See, e.g., Mots. Hr'g Tr. [Dkt. No. 240] (indicating that Mr. Wallace presented Openet's summary of its system and that Mr. Son argued Openet's summary judgment motion). Accordingly, the Court will overrule Amdocs' objection and grant Openet's request for $100.00 in pro hac vice application fees.

**B. Transcript Fees**

1. Pre-Trial Hearing Transcripts

The local guidelines provide that certain "[f]ees of court reporter for all or any part of transcript necessarily obtained for use in the case" are taxable. Costs Guidelines at 2. These fees include "[t]he cost of the original of a transcript of a court proceeding, either the original or one copy," when either "prepared pursuant to stipulation of parties with agreement to tax as costs" or "used on appeal." Id. Here, however, Openet "seeks award of the cost of obtaining one copy of each pre-trial hearing transcript from the court reporter as a necessary part of preparing its case for trial." Openet's Resp. to Amdocs' Opp'n to Openet's Bill of Costs ("Defs.' Resp.") at 3. Openet never used either transcript in any of its submissions to the Court, and the case did not proceed to trial. The Court finds that these transcripts were "prepared solely for the convenience of counsel," Costs Guidelines at 3, and should not be taxed.

Accordingly, Amdocs' objection will be sustained and Openet's bill of costs will be reduced by $121.40.

## 2. Videography Fees

Videography fees for depositions are available only if "necessarily obtained for use in the case." Cherry, 186 F.3d at 449 (quoting 28 U.S.C. § 1920(2)) (internal quotation marks omitted). This "concept of necessity for use in the case connotes something more than convenience or duplication to ensure alternative methods for presenting materials at trial." Id. Additionally, the local guidelines provide that "[t]he costs of a videotaped deposition, unless an authorizing order or stipulation provides for taxing of these costs," is generally not taxable. See Costs Guidelines at 5.

Openet has not adequately demonstrated why written transcripts alone would not have been sufficient, stating only that the video testimony would have "effectively present[ed] deposition testimony to the Jury in a way that expedited the presentation of evidence" and would have "more effectively impeach[ed] Amdocs' witness testimonies at trial." Defs.' Mem. in Supp. of Their Requests for Costs Pursuant to Fed. R. Civ. P. 54(d)(1), Local Rule 54 and 28 U.S.C. § 1920 ("Defs.' Mem.") at 7. That Amdocs did not object to Openet's notice indicating that deposition would be recorded both by stenographic means and by videotape is not a sufficient reason to overrule the general

8

policy espoused by the local taxation of costs guidelines disfavoring taxation of fees for videotaping depositions. Accordingly Amdocs' objection will be sustained and the bill of costs will be reduced by $6,580.00.

3. Deposition Transcripts

The costs of a deposition, including transcript fees, should be awarded "when the taking of a deposition is reasonably necessary at the time of its taking." LaVay Corp. v. Dominion Fed. Sav. & Loan Ass'n, 830 F.2d 522, 528 (4th Cir. 1987). Amdocs argues that Openet should not be awarded the costs of obtaining transcripts of four depositions: (1) the April 26, 2011 deposition of Tal Givoly, the inventor of the patents-in-suit; (2) the February 23, 2011 deposition of Kevin Zilka, the prosecuting attorney; (3) the March 3, 2011 deposition of Juliana Su, originally offered by Openet as a Fed. R. Civ. P. 30(b)(6) witness; and (4) the March 9, 2011 deposition of Noel O'Rafferty, also offered by Openet as a Rule 30(b)(6) witness. Amdocs further argues that Openet should not be allowed to recover ancillary costs associated with the deposition transcripts, especially those for obtaining copies of the deposition exhibits.

a. Depositions of Tal Givoly and Kevin Zilka

Amdocs argues that Mr. Zilka's deposition and the April 26, 2011, deposition of Mr. Givoly were not necessary because they focused on Openet's theory of inequitable conduct, which was

rejected by the Court. Openet counters that at the time they were taken, "they were reasonably necessary to develop Openet's patent invalidity and inequitable conduct defenses," because Openet needed to "investigate Amdocs' failure to produce important documents concerning prior art systems" for its invalidity defense and because "Openet was pursuing discovery concerning its inequitable conduct defense in good faith." Defs.' Reply at 4-5. Moreover, Openet argues that "prosecuting attorney depositions can be relevant to the claim construction and invalidity of the patents-in-suit." Id. at 4.

The Court finds that Openet did not prevail on the issue for which these depositions were taken and that these deposition transcripts were not necessary. Although the Court relied on the Federal Circuit's decision in Therasense, Inc. v. Becton, Dickinson & Co., 649 F.3d 1276 (Fed. Cir. 2011) (en banc), which was issued after these depositions were taken, in ruling against Openet on its inequitable conduct claim, earlier Federal Circuit precedent discouraged the practice of asserting inequitable conduct in every patent infringement case. See, e.g., Abbott Labs. v. Sandoz, Inc., 544 F.3d 1341, 1358 (Fed. Cir. 2008) (discussing the court's attempts to "mitigate the plague whereby every patentee's imperfections were promoted to inequitable conduct" (quoting Allied Colloids, Inc. v. Am. Cyanamid Co., 64 F.3d 1570, 1578 (Fed. Cir. 1995)) (internal quotation marks

omitted)); <u>Multiform Desiccants, Inc. v. Medzam, Ltd.</u>, 133 F.3d 1473, 1482 (Fed. Cir. 1998) ("[T]he charge of inequitable conduct before the patent office had come to be attached to every patent prosecution, diverting the court from genuine issues and simply spawning satellite litigation."). Given the Federal Circuit's clear statements disfavoring the epidemic of inequitable conduct allegations, the Court finds that it would be inappropriate to tax costs for these deposition transcripts, which were obtained primarily to support Openet's unsuccessful inequitable conduct counterclaim. Accordingly, Amdocs' objection will be sustained and Openet's Bill of Costs will be reduced by $1,622.35.

### b. Depositions of Juliana Su and Noel O'Rafferty

Amdocs argues that the costs for transcripts of the Rule 30(b)(6) depositions of Juliana Su and Noel O'Rafferty should not be taxed because these witnesses were "unable to adequately testify on the relevant 30(b)(6) topics." Pl.'s Opp'n to Openet's Request for Costs and Objections to Openet's Bill of Costs ("Pl.'s Opp'n") at 10. Openet responds that the deposition transcripts were necessary because Amdocs designated these depositions for use at trial, and further points out that the magistrate judge "found that Amdocs' original deposition topics for which Juliana Su was designated were too vague and overbroad," and ordered Amdocs "to serve narrowed deposition topics." Defs.' Resp. to Amdocs' Opp'n to Openet's Bill of Costs

("Defs.' Resp.") at 5-6. The Court finds Openet's arguments persuasive, overrules Amdocs' objection to these two depositions, and will tax the costs of these two deposition transcripts.

### c. Copies of Deposition Exhibits

Amdocs argues that Openet is not entitled to costs associated with copies of deposition exhibits. See Pl.'s Opp'n at 11-12 (citing Centennial Broad., LLC v. Burns, No. 6:06cv006, 2007 WL 1839736, at *2 (W.D. Va. June 22, 2007); Scallet v. Rosenblum, 176 F.R.D. 522, 529 (W.D. Va. 1997)). Openet argues that these exhibits are "parts of the depositions record" and therefore "if the cost of obtaining an original transcript of a deposition is taxable, the cost of obtaining a copy of the deposition exhibits is also taxable." Defs.' Resp. at 7 (citing Ramonas v. W. Va. Univ. Hospitals-East, Inc., No. 3:08cv136, 2010 WL 3282667, at *11 (N.D.W.V. Aug. 19, 2010)). The Court agrees with Openet that the exhibits associated with a deposition are properly considered part of the record of that deposition,[3] and will therefore tax these costs, but only those associated with the depositions for which the Court has awarded transcript fees. Accordingly, Openet will be granted a total of $30,029.25 for deposition transcripts and associated costs.

---

[3] For analogous reasons, the Court will also tax the costs for reporter processing fees, reporter appearance fees, and shipping and handling fees for the taxable depositions. See Defs.' Mem., attach. 5 ("Ex. C").

12

C. **Witness Fees**

Under 28 U.S.C. § 1821(a)(1), "a witness . . . shall be paid the fees and allowances provided by this section." Those fees and allowances include:

> (b) A witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.
>
> (c)(1) A witness who travels by common carrier shall be paid for the actual expenses of travel on the basis of the means of transportation reasonably utilized and the distance necessarily traveled to and from such witness' residence by the shortest practical route in going to and returning from the place of attendance. Such a witness shall utilize a common carrier at the most economical rate reasonably available. A receipt or other evidence of actual cost shall be furnished.
>
> . . .
>
> (4) All normal travel expenses within and outside the judicial district shall be taxable as costs pursuant to section 1920 of this title.
>
> (d)(1) A subsistence allowance shall be paid to a witness when an overnight stay is required at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day.
>
> (2) A subsistence allowance for a witness shall be paid in an amount not to exceed the maximum per diem allowance prescribed by the Administrator of General Services, . . . for official travel in the area of attendance by employees of the Federal Government.

Id. § 1821. Thus, under sections 1821 and 1920 of Title 28:

> If a party pays the fees, then, upon prevailing, [it] may seek to recover those fees as costs . . . . Thus, read

13

together, one statute requires the tendering of fees as a condition of taking a witness's deposition while the second permits, in the court's discretion, the recovery of those fees if the party who takes the deposition prevails . . . .

Martin v. Howard Univ., 209 F.R.D. 20, 20 (D.D.C. 2002) (footnote omitted). In this instance, each party paid the travel expenses of its own witnesses, and there is nothing in the record indicating that Openet paid any witness attendance fees. Openet argues that "[n]othing in sections 1821 or 1920 requires that witness attendance fees to have been paid [sic] at the time of the deposition to later be taxable." Defs.' Resp. at 8. Nevertheless, Openet is not entitled to be reimbursed for witness fees it never paid. Accordingly, Amdocs' objection will be sustained and $960 will be deducted from the bill of costs.

Amdocs also argues that Openet is not entitled to be reimbursed for the travel expenses of its witnesses because (1) Amdocs and not Openet took the depositions of these witnesses; (2) the underlying travel was solely for the convenience of Openet's counsel; (3) in many instances, "no actual receipts or other contemporaneous documentation is provided"; (4) in some instances, the amounts sought exceed the statutory cap; and (5) travel expenses for three days exceed what is necessary for the one-day depositions. Pl.'s Opp'n at 14-18. Openet responds by (1) observing that the location of the depositions was also convenient for Amdocs, (2) pointing to the

Taxation of Costs Guidelines, and (3) submitting that the local subsistence rates set for federal employee travel are "per se reasonable and fairly approximate the costs Openet's witnesses incurred . . . in the absence of actual receipts." Defs.' Resp. at 8-10. Moreover, in response to the Court's Order requiring further briefing on the travel expenses, each party makes allegations that the opposing party refused to cooperate in scheduling dates and locations for the depositions.

This Court will not mediate such a belated discovery dispute, whether real or imagined. See Openet's Reply to Amdocs' Response to Mar. 13, 2013 Order ("Amdocs' response . . . seeks to conjure imagined discovery disputes . . . ."). As the prevailing party, Openet bears the burden of proving that it is entitled to recover costs under the statute. Some of the travel expenses, in particular those for meals and incidental expenses, are not supported by receipts but are based on the per diem rates. See Defs.' Resp., attach. 5 ("Revised Exhibit D"). Other expenses go beyond what was necessary; for example, a witness traveling from Atlanta to Washington D.C. for a one-day deposition does not necessitate spending two nights at a hotel. See id. For these reasons, and because of the uncertainty over at whose behest the travel was undertaken, this Court declines to exercise its discretion to tax these costs. Accordingly, the bill of costs will be reduced by $8,794.32.

## D. **Exemplification and Copy Fees**

### 1. Multimedia Technology Tutorials

Openet seeks $4,795.50 for its payments to a communications design and technology consulting firm "to prepare demonstrative exhibits and assist in the presentation of such exhibits at both the summary judgment hearing and trial," arguing that such demonstrative exhibits were necessary to communicate effectively with the Court and with the jury. Defs.' Mem. at 11. Although such demonstrative models are often extremely useful for explaining the evidence in a complex technical case, their utility is akin to that of models, the costs of which are not taxable under the local guidelines. See Costs Guidelines at 4 (listing "[c]osts of models, unless previously authorized by order, even though admitted as an exhibit" as "[n]ot taxable"); cf. Honeywell Int'l, Inc. v. Hamilton Sunstrand Corp., No. 99-309, 2009 WL 3153496, at *5 (D. Del. Sept. 30, 2009) ("[T]he Local Rules state that '[t]he cost of models, compiling summaries, computations, and statistical comparisons are not taxable.' The creation of computer animations is analogous to these categories of non-taxable costs, and thus is not recoverable under the local rules." (citation omitted)). Accordingly, Amdocs' objection will be sustained and the bill of costs will be reduced by $4,795.50.

## 2. Copies of Deposition Transcripts and Exhibits for Trial

District courts may tax "costs for copies of exhibits . . . where such copies were necessarily obtained for use in the case." Bd. of Dirs., Water's Edge v. Anden Grp., 135 F.R.D. 129, 137 (E.D. Va. 1991). The local rules require a party intending to offer exhibits at trial to provide two copies to the court and one copy to the opposing party one business day before trial. See Local Civ. R. 79(A).

The Court cancelled the jury trial on Wednesday, July 20, 2011, with only two business days remaining before Monday, July 25, 2011, when that jury trial was scheduled to begin. To timely comply with the local rules, it was reasonably necessary for Openet to have made copies of the exhibits it anticipated it would have to provide to the Court and to opposing counsel. Moreover, it was necessary for Openet to create a fourth copy for its own use at trial. Although Openet might not have introduced all 614 of its exhibits at trial, it has reasonably argued that it could not know in advance of Amdocs' case which exhibits would be necessary and was required to furnish all of them to the Court and to opposing counsel one business day before trial began.[4]

---

[4] For similar reasons, it was reasonably necessary for Openet to make two copies of deposition transcripts it anticipated having to use for impeachment purposes at trial. One copy would have had to be provided to the witness and the other would have been used by the attorney.

Accordingly, the Court overrules this objection and will grant Openet its requested $14,070.18 in photocopying costs.

### 3. Production Metadata Extraction and File Conversion

Openet seeks $67,512.71 for metadata extraction and file conversion during discovery, which equates to a cost of approximately 5 cents per page; however, Amdocs argues that such costs are not taxable, citing Fells v. Virginia Department of Transportation, 605 F. Supp. 2d 740 (E.D. Va. 2009), and Francisco, 272 F.R.D. 436. See Defs.' Mem. at 12-14; Pl.'s Opp'n at 21-22. Openet is not, however, seeking the costs of setting up or maintaining the e-discovery hosting system.

The Joint Discovery Plan provided:

> The parties agree that all documents (whether or not they are stored electronically) shall be produced electronically (e.g. on compact discs, DVDs, or hard drives) in imaged files (e.g. TIFFs or PDFs), with load files in mutually agreeable formats, compatible with the receiving party's document management system. Documents need not be produced in native format.

Joint Discovery Plan § IV [Dkt. No. 17]. The invoices support Openet's claims that these costs were incurred to provide the produced documents in the agreed upon format. See Bill of Costs, attach. 7 ("Ex. E").

In Fells, the court denied the prevailing party's request for costs of "electronic records initial processing, Metadata extraction, [and] file conversion." 605 F. Supp. 2d 740, 743 (E.D. Va. 2009); see also Francisco, 272 F.R.D. at 446. Other

courts have held that the costs of file format conversion, electronic Bates stamping, and other costs of actually producing documents for electronic discovery are taxable as the functional equivalent of copies. See Race Tires Am., Inc. v. Hoosier Racing Tire Corp., 674 F.3d 158, 171 & n.11 (3d Cir. 2012), cert denied 133 S. Ct. 233 (2012) (reversing much of the district court's award of $365,000 in electronic discovery costs, but allowing approximately $30,000 for "scanning and file format conversion" as it was "the functional equivalent of making copies" under the statute); Nobel Biocare USA, LLC v. Technique D'Usinage Sinlab, Inc., No. 1:12cv730, 2013 WL 819911, at *6 (E.D. Va. Mar. 4, 2013) ("[A]lthough the costs of collecting, storing, and extracting electronically stored information may not be taxable, the costs of converting that information into the agreed-upon format and electronically Bates stamping it are analogous to copying costs, and therefore are taxable."); Plantronics, Inc. v. Aliph, Inc., No. C-09-01714-WHA, 2012 WL 6761576, at *12 (N.D. Cal. Oct. 23, 2012) (observing that the non-prevailing party "does not really dispute that converting electronically-stored files in a native format to a TIFF format also is the equivalent of making a copy, and courts agree," and further finding that "electronically stamping [Bates numbers] should be a taxable cost"); Jardin v. DATAllegro, Inc., No. 08-cv-1462-IEG, 2011 WL 4835742, at *5-9 (S.D. Cal. Oct. 12, 2011) (allowing costs to be

taxed for converting data to the TIFF format and for the "project management" of that conversion); Fast Memory Erase, LLC v. Spansion, Inc., No. 3-10-CV-0481-M-BD, 2010 WL 5093945, at *4-5 (N.D. Tex. Nov. 10, 2010) (awarding $197,637.72 in costs "for creating TIFF/OCR images of documents responsive to [non-prevailing party]'s discovery requests" when the requests for production required that documents be produced in that format).

The Court finds that the costs of converting the documents into the format agreed upon by the parties are properly taxable; however, "metadata extraction" cannot be analogized to making copies and accordingly those costs are not taxable. Because the Court cannot determine from reviewing the invoices which line items were for "metadata extraction" and because Openet characterizes all of its e-discovery expenses as "[p]roduction copying, file conversion, and metadata extraction," see Bill of Costs attach. 7, the Court will reduce Openet's requested costs by one-third. Accordingly, Openet will be awarded $45,008.47 in costs for production copying and file conversion.

### E. **Prior Art Patents and Patent File Wrappers**

Taxable fees for exemplification and copies of papers necessarily obtained for use in the case include "[t]he cost of patent file wrappers and prior art patent . . . at the rate charged by the patent office." Costs Guidelines at 4. Openet does not seek the cost of the multiple prior art searches it

conducted; rather, it seeks only the fees charged by the United States Patent and Trademark Office for obtaining two patent file wrappers and copies of 95 prior art patents. See Defs.' Mem. at 15; Defs.' Mem. Ex. F. The attached checks and invoices, however, provide no insight into which patent file wrappers and prior art patents were obtained; accordingly, this Court cannot make a determination as to whether they were "necessarily obtained for use in the case." Openet's general contentions that these were obtained "as part of a prior art search in pursuit of its patent invalidity defenses," and that "[a]t the time Openet obtained these prior art references, Openet believed that all of them were reasonably necessary to evaluate and develop its patent invalidity defense" are insufficiently specific to sustain Openet's burden of establishing that the costs are taxable under 28 U.S.C. § 1920. Accordingly, the bill of costs will be reduced by $389.00.

### III. CONCLUSION

For all these reasons, Openet's Bill of Costs will be granted, but in the reduced amount of $89,207.90[5] by an appropriate Order to be issued with this Memorandum Opinion.

Entered this 21ˢᵗ day of March, 2013.

Alexandria, Virginia

/s/

Leonie M. Brinkema
United States District Judge

---

[5] See attached Summary of Costs.

SUMMARY OF COSTS

| Cost | Openet Requested | Amdocs Argued | Amount Awarded |
|---|---|---|---|
| **Court Fees** | **$100.00** | **0** | **$100.00** |
| **Transcripts** | **$38,353.00** | **$17,556.10** | **$30,029.25** |
| Pre-Trial Hearing Transcripts | $121.40 | 0 | 0 |
| Deposition Transcripts and Associated Costs | $31,651.60 | $17,556.10 | $30,029.25 |
| Videographer Fees | $6,580.00 | 0 | 0 |
| **Witness Fees** | **$6,917.51** | **0** | **0** |
| **Documents** | **$86,767.39** | **0** | **$59,078.65** |
| Multimedia Tutorials | $4,795.50 | 0 | 0 |
| Photocopies of Depositions for Use at Trial | $3,375.34 | 0 | $3,375.34 |
| Copying Trial Exhibits | $10,694.84 | 0 | $10,694.84 |
| File Conversion and Metadata Extraction | $67,512.71 | 0 | $45,008.47 |
| Prior Art Patents and File Wrappers | $389.00 | 0 | 0 |
| **TOTAL** | **$132,137.90** | **$17,556.10** | **$89,207.90** |